Eleanore S. ENDEBROCK, Appellant,

v.

John H. ENDEBROCK, Respondent.

No. 67007.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 27, 1996.

Janis B. Powell, St. Louis, for appellant.

Karen M. Pittman, St. Louis, for respondent.

AHRENS, Presiding Judge.

In this dissolution case, wife appeals and husband cross-appeals from the trial court's judgment. Wife's brief sets out three "Points Relied On" and husband's brief sets out eight "Points Relied On". There are, however, basically only five issues raised; the trial court erred in: (1) characterizing certain assets as marital property; (2) failing to distribute certain assets in the marital property division; (3) valuing the marital assets; (4) distributing the marital assets; and (5) determining the amount of maintenance awarded to wife. We affirm as modified.

Husband and Wife were married on October 15, 1958, when both parties were twenty-three years old. Four children were born of the marriage, all of whom were emancipated by 1984. Some dispute exists as to the date of separation as evidenced by wife moving out of the couple's primary home in Crestwood and into the couple's secondary home in High Ridge. Husband contends wife changed residences in April, 1989. Wife counters that she resided at both locations from April, 1989 until June, 1992 at which time she moved to the High Ridge home. Wife filed a petition for dissolution of marriage on August 3, 1992. A hearing was held on February 16, 1994, and the decree of dissolution was entered on June 6, 1994. In the decree, the trial court determined that no separate property existed, divided the marital assets, ordered husband to make an equalization payment of $57,241.44, and ordered husband to pay $5,000 of wife's attorney fees.

 Review of this case is governed by Rule 73.01 and *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We will affirm the trial court's decree of dissolution unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* Further, we view the evidence and the concomitant inferences in a manner favorable to the decree while disregarding all contradictory evidence. *Cohn v. Cohn*, 841 S.W.2d 782, 785 (Mo.App.1992).

In two of the points on appeal, one by wife and one by husband, the parties assert that the trial court erred in failing to set aside certain property as separate property. Section 452.330.3 states, "[a]ll property acquired

by either spouse subsequent to the marriage and prior to a decree of legal separation or dissolution of marriage is presumed to be marital property...." That presumption may be rebutted by clear and convincing evidence of one of the circumstances enumerated in § 452.330.2. *Kettler v. Kettler*, 884 S.W.2d 729, 731 (Mo.App.1994). After carefully reviewing the record, we find that the trial court acted within its discretion in characterizing these assets as marital property.

■ Wife contends she received cemetery plots as a gift from her mother. Proof, by clear and convincing evidence, the asset was a gift is one method of rebutting the statutory presumption. § 452.330.2(1); *Kettler*, 884 S.W.2d at 731. While some evidence was presented that the plots were a gift solely to wife, other evidence indicated the plots were meant as a gift to both spouses. Where conflicting evidence exists, deference is given to the trial court which can assess the credibility of the witnesses. *Id.*, at 732. We cannot say the trial court erred in determining the cemetery plots were marital property.

■ Husband asserts that his Bi–State 401(k) did not fall within the statutory presumption favoring the characterization of assets as marital property because he commenced employment with Bi–State Development Agency after the parties separated in April, 1989. Since wife did not contribute to the marriage after that date, he argues, she is not entitled to any assets he earned during that time. Husband misunderstands the law. The Bi–State 401(k) was earned prior to the decree of dissolution and there was no *decree of legal separation*. Husband did not introduce any evidence of a statutorily authorized method for rebutting the presumption of marital property. *See* § 452.330.2. The trial court did not err in determining the Bi–State 401(k) was marital property. See *Ewing v. Ewing*, 901 S.W.2d 330, 334 (Mo.App.1995). Points denied.

In four of the points on appeal, three by husband and one by wife, the parties argue that the trial court erroneously failed to include seven marital assets when dividing the marital property. Husband asserts, therefore, the equalization payment was improperly calculated. We disagree.

■ In his three points on appeal, husband implies that the trial court ignored three marital assets appropriated by wife. Wife admits she appropriated three marital assets: (1) one-half of the proceeds from two Roosevelt Bank Certificates of Deposit worth a combined $45,000; (2) a dividend check worth approximately $7,800 from the Nuveen Tax Exempt Unit; and (3) four withdrawals totalling approximately $25,000 from a joint checking account. Wife testified that she deposited all of these funds into her two accounts, a Boatmen's bank account and a Roosevelt bank account. While we find that the trial court did not expressly include the three appropriated assets in the division of marital property, the court indirectly included them by awarding both bank accounts to wife.

■ Documentary evidence showed that much of the appropriated funds deposited into the Boatmen's account had been depleted by the time of trial. Wife testified that the funds were spent on living expenses during the parties' separation. Husband argues that these depleted funds should be included in the marital property division and the equalization payment adjusted accordingly. Husband's argument implies a request that the court assign a value to the Boatmen's account on the date the assets were appropriated. We refuse to grant this request. The proper date for valuing marital property is the date of trial. *Barnes v. Barnes*, 903 S.W.2d 211, 214 (Mo.App.1995). Therefore, we hold the trial court correctly assigned a value to the Boatmen's account[1]. Furthermore, husband presented no evidence which would indicate that wife secreted or squandered this marital property in anticipation of divorce. Thus, reimbursement to husband would be inappropriate. *Hoffmann v. Hoffmann*, 676 S.W.2d 817, 828 (Mo. banc 1984).

1. No evidence appears on the record regarding the value of wife's Roosevelt account. The court assigned a value of $0.00 to this account. Because husband does not appeal the court's valuation, we need not address its propriety.

In part of her point on appeal, wife contends that both an HBE 401(k) plan and an HBE Savings Plan were not included in the division of marital property. She argues that because these plans were acquired during the marriage, the court should have considered them part of the marital estate. The record shows these two plans are actually the same plan, an HBE 401(k) Savings Plan, and the plan was expressly awarded to husband as marital property. The trial court committed no error with regard to this plan.

■ In the other part of her point on appeal, wife contends the court erroneously failed to include an Alliance annuity and an Equitable life insurance policy in the property division. While she testified to the existence and value of these two assets, no documentation was provided at trial to support her testimony. The trial court was not obliged to believe wife's evidence on the subject. *Collins v. Collins,* 875 S.W.2d 643, 646 (Mo.App.1994). "The trial court is free to accept or reject all, part, or none of the testimony of a witness." *Wilson v. Wilson,* 822 S.W.2d 917, 920 (Mo.App.1991). The evidence is viewed in the light most favorable to the decree. *Id.* The decree does not acknowledge the existence of these assets. We defer to the trial court even if the evidence could support a different conclusion. *Id.* We cannot say the trial court erred by excluding these alleged assets from the property division. Points denied.

■ Husband, in his next point relied on, argues that the trial court erred in assigning a value which was not supported by substantial evidence to a stamp collection awarded to him. He asserts that no evidence was presented regarding the value of the stamp collection, yet the court assigned it a value of $11,000. We agree that no evidence of the stamp collection's value appears on the record. Generally, appellate courts which find insufficient evidence of valuation remand the case to the trial court with instructions to take additional evidence and to make supported findings. *See Barron v. Barron,* 749 S.W.2d 16, 17 (Mo.App.1988); *In re Marriage of Mihalovich,* 659 S.W.2d 798 (Mo. App.1983); *Schelsky v. Schelsky,* 796 S.W.2d 888 (Mo.App.1990); *Hedgecorth v. Hedge-*

*corth,* 696 S.W.2d 862 (Mo.App.1985); *Bidstrup v. Bidstrup,* 750 S.W.2d 712 (Mo.App. 1988). However, in the interest of judicial economy, in compliance with the mandate of Rule 84.14 to dispose of the case "finally", and pursuant to husband's request during oral arguments, we modify the trial court's order by awarding the stamp collection to wife and assigning it a value of $0. *See Gauthier v. Gauthier,* 785 S.W.2d 86, 88 (Mo. App.1990). To be consistent with the trial court's intention to split the marital property into roughly equal shares, we subsequently hold that husband's equalization payment be reduced by $5,500, half the value formerly assigned to the stamp collection. *Id.;* Rule 84.14.

■ Husband contends, in his next two points, the trial court erroneously attempted to evenly split the marital assets by ordering husband to pay wife an equalization payment in the amount of $57,241.44. We disagree.

First, husband argues that the court made a mathematical error. He asserts that the sum of the assigned values of all the assets awarded to him equals $355,546.59, while the court stated that the sum equals $378,453.34. This appears to be a disparity of $22,906.75. However, this disparity is easily explained. We note the court did not express a value for husband's HBE 401(k) plan. We further note wife's exhibit 8 included a computer printout from HBE Corporation showing the total value of husband's 401(k) Savings Plan as of June 19, 1993 was $22,906.75. Therefore, we modify the trial court's order to expressly assign a value of $22,906.75 to this 401(k) plan commensurate with the trial court's intentions and with Rule 84.14.

Second, husband argues the trial court made an error of omission. In a parenthetical comment in its order, the court stated it has taken "into consideration the award of wife's attorney fees and expenses [in the amount of $5,000] as against Husband and given Husband credit therefor." However, husband contends, the trial court erroneously failed to credit him with payment. Had the trial court given credit, husband asserts, it would have reduced his equalization payment by $2,500. We find that husband misinterprets this parenthetical. We do not view the trial court's statement as evidencing an intent to characterize attorney fee payments as

marital property and thereby have them directly offset the equalization payment. The court "set off the marital property into approximately equal shares." Nothing in the record indicates the trial court failed to consider the attorney fee payments and other statutory factors when determining the percentage of marital assets each party should receive. Points denied.

■ In the last two points on appeal, one by wife and one by husband, the parties argue that the trial court erroneously determined the amount of maintenance awarded to wife. Wife contends the amount awarded, $500 monthly, was insufficient to meet her reasonable needs. Husband contends the amount awarded resulted in a windfall for wife because her income from investments, interest, employment and social security benefits were sufficient to meet her reasonable expenses. In the alternative, husband contends that the maintenance award should be of a limited duration because wife becomes eligible for social security benefits of approximately $440 per month in May, 1997.

The award of maintenance is governed by § 452.335 which gives the trial court discretion to determine the maintenance award, if any. *Estes v. Estes*, 767 S.W.2d 370 (Mo. App.1989).

Both parties presented evidence of wife's ability or inability to support herself and husband's ability to aid in wife's support. We find no indication in the record that the trial court failed to consider all the mandatory factors while evaluating this evidence. *See* § 452.335.2. Furthermore, the amount of maintenance awarded fell within the range established by the evidence. Therefore, we hold that the trial court did not abuse its discretion in determining $500 as the proper monthly maintenance payment nor in determining that an award of maintenance of a limited duration would be inappropriate. Points denied.

The trial court's order is affirmed as modified.

PUDLOWSKI and GRIMM, JJ., concur.