Vladimir HALUPA, Appellant,

v.

Hilda Ann HALUPA, Respondent.

No. 70093.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 25, 1997.

Corinne R. Coston, Mary Ann Weems, Clayton, for appellant.

Connie S. Hood, Grant C. Gorman, Clayton, for respondent.

RHODES RUSSELL, Presiding Judge.

Vladimir Halupa ("husband") appeals from a decree of dissolution of marriage. He challenges the trial court's award of retroactive child support, the award of maintenance to wife, the division of marital assets, and the court's award of attorney fees to wife. We reverse and remand the maintenance award and the award of retroactive child support, and affirm the remainder of the judgment.

Husband and Hilda Ann Halupa ("wife") were married on November 14, 1970. One child, Helena, was born of the marriage on November 6, 1973. At the time of trial, Helena was 22 years old and attending pharmacy school.

Wife filed her Petition for Dissolution of Marriage on April 20, 1995. In her petition, wife requested that the trial court award her maintenance, attorney's fees, child support, and distribute the marital property. Wife also filed with her petition a motion pendente lite for temporary maintenance and child support. On November 16, 1995, wife filed an amended petition requesting that the court award her retroactive child support to May 1, 1995, the date of service of her original petition.

Trial began on November 21, 1995. Wife testified that she had been married to husband for approximately 25 years. She was 52 years old at the time of trial. Husband and wife separated from each other on or about January 1, 1995. Wife stated that her marriage was irretrievably broken because her husband had extramarital affairs during the course of their marriage. She testified that husband was currently having an affair with a neighbor woman with whom he now lived. Wife further testified that husband had an alcohol problem and that he had gambling debts. According to wife, husband had borrowed against marital assets without her consent to pay his gambling debts.

Wife worked as a manager of computer operations and earned approximately $37,000 per year. She requested that the trial court award her the marital residence and the adjoining lot. Wife also requested that the trial court award her maintenance because she wanted to maintain the same lifestyle she

had during the marriage. Wife stated that she could not maintain the same lifestyle on her salary alone. Wife asked for maintenance in the amount of $1,000, the alleged difference between her expenses and her current monthly income.

At the time of trial, husband was 46 years old. Husband worked for over 16 years at Anheuser Busch as a maintenance machinist. Based upon husband's tax returns admitted into evidence, husband earned $51,786.81 for 1992, $62,379.75 for 1993, and $60,315.81 for 1994. Husband testified that he earned less than $62,000 in 1995 because he was experiencing problems with his knees. Additionally, husband receives $170 a month from the Veteran's Administration for a military related injury.

Husband denied having any extramarital affairs. He testified that he was not having an affair with the next door neighbor, but was only renting a room from the neighbor since he had no other place to live after the separation. According to husband, he was paying the neighbor $400 a month for rent. Husband admitted that he had lost up to $25,000 gambling in the past and had recently borrowed against the company stock plan to pay some of his gambling debts.

At the conclusion of the trial, the trial court requested that the parties submit proposed findings of fact and conclusions of law. The trial court also requested that each side submit a proposed decree.

The trial court entered its judgment and decree dissolving the marriage on December 15, 1995. The court awarded wife $5,321.83 in retroactive child support pursuant to Rule 88.01 and awarded wife maintenance in the amount of $750 per month retroactive to May 1, 1995. In dividing the marital property, the court awarded wife the marital home and the adjoining lot. Husband was awarded a lot located near a lake and other property. Husband was ordered to pay $3,000 of wife's attorney's fees.

Husband filed a motion for a new trial. On February 27, 1996, the trial court issued an amended judgment *nunc pro tunc.* The trial court's amended judgment stated: 1) husband was responsible for paying the $7,000 loan secured by wife's car to the lienholder; 2) wife's deferred compensation plan was awarded to her as her separate property; and, 3) a painting from husband's deceased mother was awarded to husband as his separate property. In all other respects, the original judgment remained in effect. This appeal follows.[1]

### A. STANDARD OF REVIEW

■ A trial court's decree in a court-tried case must be affirmed on appeal unless there is no substantial evidence to support the decision, it is against the weight of the evidence, or it erroneously declares or applies the law. *Mehra v. Mehra,* 819 S.W.2d 351, 353 (Mo. banc 1991); *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). An appellate court defers to the trial court's determination of credibility, viewing the evidence and inferences in the light most favorable to the decree and disregarding all contrary evidence and inferences. *Mehra,* 819 S.W.2d at 353. The trial court is free to believe or disbelieve all, part, or none of the testimony of any witness. *Burkhart v. Burkhart,* 876 S.W.2d 675, 678 (Mo.App.1994).

### B. RETROACTIVE CHILD SUPPORT

■ In his first point father argues the trial court abused its discretion in awarding wife retroactive child support because no request was made for retroactive child support until after the child was emancipated. According to father, once the child turned 22, the trial court was divested of jurisdiction to make such a retroactive award. We disagree.

■ Section 452.340.1 RSMo 1994[2] authorizes the trial court to award retroactive child support to the date of filing of the petition. *Price v. Price,* 921 S.W.2d 668, 674 (Mo.App.1996). It is within the trial court's discretion to award retroactive child support. *Id.* The obligation of a parent to provide

---

1. Wife's motion to dismiss husband's appeal based upon noncompliance with Rule 84.04(b) is denied.

2. All citations are to the 1994 Revised Statutes of Missouri unless otherwise indicated.

child support generally terminates when the child turns 18 unless:

the child is enrolled in an institution of vocational or higher education not later than October first following graduation from a secondary school and so long as the child continues to attend such institution of vocational or higher education, the parental support obligation shall continue until the child completes his education, or until the child reaches the age of twenty-two, whichever first occurs.

§ 452.340.5, RSMo 1994.

In its decree, the trial court found the child to be emancipated, and therefore, did not award custody, visitation or current child support to wife. The court, however, found that the child was not emancipated for the period from January 1, 1995, through November 5, 1995, and that husband did not contribute to the child's support during this period. The court awarded wife $863.00 per month in child support from May 1, 1995 (the date of service upon husband) to the date of the child's emancipation, November 6, 1995. Wife was awarded a total of $5,321.83 in retroactive child support.

Father contends that the trial court was without jurisdiction since Mother did not amend her petition requesting retroactive child support until November 16, 1995, ten days after child turned 22 years old. The retroactive award, however, was made only for the period of time that the child was not emancipated. The trial court did not award wife any child support beyond the child's 22nd birthday. Furthermore, the trial court stated that the parties had agreed to have wife's pendente lite motion tried by the court with the dissolution action and without any precedent being established that wife was not entitled to child support and maintenance prior to the trial date. Additionally, wife's request for retroactive child support in her amended petition relates back to her original petition. See Koerper & Co. v. Unitel International, Inc., 739 S.W.2d 705 (Mo. banc 1987).

Child was not emancipated when wife filed her petition for dissolution. Cf. Thomas v. Thomas, 910 S.W.2d 825, 826–27 (Mo.App.1995)(trial court did not abuse its discretion in denying retroactive child support where child had been emancipated more than five years prior to filing of petition).

The trial court did not exceed its jurisdiction nor abuse its discretion by awarding wife retroactive child support. Point one is denied.

■ In his second point, husband contends the trial court erred in awarding retroactive child support because: 1) wife presented no evidence to support her request for child support; 2) wife's Form 14 was not submitted to the court until after trial and was not part of the evidence; and, 3) the court did not specify how it calculated the amount awarded. Since husband's first subpoint is dispositive, we do not address his second and third subpoints.

■ The record on appeal does not disclose any evidence to support wife's request for retroactive child support. Although wife testified in a general statement that she had paid the child's expenses during the period of separation, there was no evidence adduced as to the specific expenses she incurred while providing for the child's needs. A court may not award child support unless there is sufficient evidence adduced as to the cost of providing such needs. Gambino v. Gambino, 636 S.W.2d 81, 82 (Mo.App.1982).

■ Furthermore, wife's income and expense statement was not offered nor received into evidence, and was, therefore, not properly before the trial court. Ramsdell v. Ramsdell, 758 S.W.2d 202, 204 (Mo.App.1988). Although wife did file her income and expense statement with her petition, the mere filing of a document does not put it before the court as evidence. Id.

Because there is insufficient evidence to support the award of retroactive child support, we reverse and remand for reconsideration wife's request for retroactive child support.

## C. MAINTENANCE

■ In his third point, husband contends the trial court erred in awarding wife maintenance because she was able to meet her reasonable needs through appropriate em-

ployment. Husband essentially argues that wife has not met her burden in demonstrating that she is unable to meet her reasonable needs.

■ The trial court is vested with considerable discretion in granting maintenance orders. *Vehlewald v. Vehlewald,* 853 S.W.2d 944, 953 (Mo.App.1993). An appellate court reviews an award of maintenance only for an abuse of discretion. *Id.* This court will not interfere with the trial court's award of maintenance unless the amount of maintenance is patently unwarranted or is wholly beyond the means of the spouse ordered to pay. *Id.*

■ Under § 452.335.1, a spouse seeking maintenance must meet a two-part threshold test: the spouse must demonstrate that he or she 1) lacks sufficient property, including marital property apportioned to him or her, to provide for his or her reasonable needs; and 2) is unable to support himself or herself through appropriate employment. *Hileman v. Hileman,* 909 S.W.2d 675, 679 (Mo.App.1995). Under § 452.335.1, a party must prove need before maintenance can be awarded. *Chapman v. Chapman,* 871 S.W.2d 123, 126 (Mo.App.1994). An award of maintenance must be "made within a reasonable tolerance of proof." *Id.* Thus, the award of maintenance cannot stand without evidence to support it.

■ Wife alleged that there was a $1,100 deficiency between her income and her expenses. At the dissolution hearing, wife requested $1,000 in maintenance. A mere request for maintenance, however, is insufficient to support a maintenance award. *Cunningham v. Cunningham,* 673 S.W.2d 478, 480 (Mo.App.1984). The only significant evidence adduced at trial regarding wife's expenses was that the monthly mortgage bill was $1041.10 and that she had a monthly credit card bill of $150. Wife also testified that her annual income was $37,-000. Although wife's income and expense statement was filed with her petition, it was not introduced into evidence. As stated previously, the filing of a statement of income and expenses does not put it before the court as evidence. *Chapman,* 871 S.W.2d at 126.

Based on the evidence adduced at trial, wife did not prove that her earnings were insufficient to meet her reasonable needs to be entitled to maintenance. As with the retroactive child support award, the maintenance award must also be reversed and remanded for reconsideration.

## D. DIVISION OF ASSETS

■ In his fourth point, husband contends the trial court erred in awarding wife 80% of the marital property. Husband argues that the trial court only considered his alleged marital misconduct in dividing the marital property.

■ Under § 452.330, the trial court is required to "divide the marital property as the court deems just after considering all the relevant factors ..." The court is not required to make an equal division, only an equitable division. *Zlatic v. Zlatic,* 910 S.W.2d 818, 820 (Mo.App.1995). The court is vested with considerable discretion in dividing marital property, and we will only interfere if the division is so heavily and unduly in favor of one party that it amounts to an abuse of discretion. *Rich v. Rich,* 871 S.W.2d 618, 622 (Mo.App.1994). We presume the division of property to be correct and the party challenging the division has the burden of overcoming this presumption. *Bixler v. Bixler,* 810 S.W.2d 95, 100 (Mo.App. 1991).

Sufficient evidence supported the trial court's division of marital property in this case. Despite husband's contention that the trial court only considered evidence of husband's marital misconduct, the court found that husband had not only engaged in extramarital affairs, but had also dissipated marital assets to pay gambling debts, and had a greater income as well. There is nothing in the record to indicate that the trial court failed to consider the factors set forth in § 452.330 in awarding the marital property. Based on the record before us, we find no abuse of discretion. Point four is denied.

■ In his fifth point, husband contends the trial court erred in determining that wife's deferred compensation plan was her separate property because the compensation

was accrued during the marriage, and therefore, was marital property. According to husband, the trial court's mischaracterization of the deferred compensation plan as separate property requires this court to reverse the trial court's distribution of marital property.

Wife began the deferred compensation plan approximately three months before trial. Wife testified that she placed approximately $150 per month in the deferred compensation plan. The value of the deferred compensation plan at trial was approximately $450.

In its original decree and judgment, the trial court omitted the deferred compensation plan from its disposition. In its amended judgment of February 27, 1996, the trial court stated that "[wife's] deferred compensation plan through her employment at the City of St. Louis Circuit Attorney's Office is hereby awarded to [wife] as her separate property."

Wife argues that husband has mischaracterized the nature of the trial court's amended judgment. According to wife, the trial court did not set aside or designate the deferred compensation plan as her separate property, but merely awarded the deferred compensation plan to her as part of the division of property. We agree. Although not completely clear, the trial court's amended judgment did not designate the deferred compensation plan as non-marital or separate property. We find husband's argument without merit.

■■■■ Even if the court had erroneously classified the deferred compensation plan as separate property, not every error in classifying property is necessarily prejudicial error. *Stephens v. Stephens*, 842 S.W.2d 909, 915 (Mo.App.1992); *In re Marriage of Ballay*, 924 S.W.2d 572, 577 (Mo.App.1996). The erroneous characterization of property requires reversal of the order dividing marital property if the error materially impacts the overall distribution of the marital property. *Mallams v. Mallams*, 861 S.W.2d 822, 824 (Mo.App.1993); *Gismegian v. Gismegian*,

849 S.W.2d 201, 204 (Mo.App.1993); Rule 84.13(b).

Given the relative insignificant value of the deferred compensation plan as compared to the entire marital estate, we do not see how husband was prejudiced by the trial court's alleged mischaracterization of the deferred compensation plan as separate property.[3] Point five is denied.

### E.  ATTORNEY'S FEES

■■■■ In his sixth and final point, husband contends the trial court erred in awarding attorney's fees to wife's counsel because wife was awarded assets and is gainfully employed. In essence, husband contends the trial court erred in awarding attorney's fees because wife had the ability to pay them.

■■■■ Section 452.355.1 provides that the trial court may award a party his or her attorney's fees after considering all relevant factors. *In re Marriage of Kovach*, 873 S.W.2d 604, 608 (Mo.App.1993). The trial court is vested with broad discretion in awarding attorney's fees and the award will be reversed only upon a finding of abuse of discretion. *Burkhart*, 876 S.W.2d at 680. A party's ability to pay his or her own attorney's fees is merely one of the relevant factors a court may consider under § 452.355.1. *In re Marriage of Haynes*, 913 S.W.2d 73, 75 (Mo.App.1995). Factors other than financial resources are to be considered, and how those factors balance will vary from case to case. *Id.* The trial court may also consider a spouse's conduct during the marriage in determining attorney's fees. *Kovach*, 873 S.W.2d at 608.

■■■■ In the instant case, there was evidence that husband earned approximately twice the income of wife. A spouse's greater ability to pay is sufficient to support an award of attorney's fees to the other spouse. *Meservey v. Meservey*, 841 S.W.2d 240, 248 (Mo.App.1992). The trial court also has discretion to award attorney's fees to a spouse who was awarded sufficient assets to cover those fees. *Id.* Furthermore, there was evidence that husband engaged in marital mis-

---

**3.** We also note that in husband's proposed findings of fact and conclusions of law, husband

proposed that wife's deferred compensation plan be awarded to her.

conduct. Not only was there evidence that husband had extramarital affairs, there was evidence that husband had borrowed against the marital assets to pay off gambling debts.

 Husband also appears to argue that the trial court's award of attorney's fees was erroneous because unless "very unusual circumstances exist", each party should pay their own attorney's fees. Husband contends that "very unusual circumstances" do not exist in this case. The "very unusual circumstances" standard, however, is not applicable in domestic relations cases under § 452.355.1. *Leone v. Leone,* 917 S.W.2d 608, 616 (Mo. App.1996).

Evidence was presented that wife's attorney fees were approximately $4,000. We are unable to find, based upon the record, that the trial court abused its discretion in awarding wife $3,000 in attorney fees. Point six is denied.

The portion of the judgment awarding wife $750 per month in maintenance and the award of retroactive child support is reversed and remanded for further proceedings. In all other respects, the judgment is affirmed.

PUDLOWSKI and SIMON, JJ., concur.