Melissa SHELTON,
Petitioner/Respondent,

v.

Donald SHELTON,
Respondent/Appellant.

No. ED 76914.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 24, 2000.

Stephen Charles Moore, Law Office of Gourley, Fluhr & Moore, Clayton, for appellant.

Mary Ann Weems, Law Office of Mary Ann Weems, Clayton, for respondent.

SHERRI B. SULLIVAN, Judge.

Donald Shelton ("Husband") appeals from a trial court Judgment/Decree of Dissolution alleging trial court error in the classification of certain property as mari-

tal, in the award of maintenance, and in ordering Husband to pay Melissa Shelton ("Wife") retroactive child support. We affirm in part and reverse and remand in part with directions.

Husband and Wife married in August 1991. In July 1998, Wife filed a Petition for Dissolution of Marriage. Husband and Wife have one child together.

In July 1999, after a hearing on the Petition for Dissolution of Marriage, the trial court issued findings of fact and conclusions of law in its Judgment/Decree of Dissolution. Among the court's findings, the court determined 1,538 shares of Premier Manufacturing[1] stock to be marital property. The court did not hear sufficient nor credible testimony to determine the value of the stock.

The trial court set aside to Wife as her separate, non-marital property the following: (1) Fox School District Pension Plan; (2) Northern Life Insurance Company Mutual Funds; (3) two wedding rings; and (4) old jewelry. Additionally, the trial court awarded to Wife the following marital property: (1) real estate at 2496 Worthington; (2) 1997 Pontiac Grand Prix; and (3) household goods in her possession. The court also ordered Husband to pay Wife $200 per month for maintenance, subject to modification.

The trial court set aside to Husband as his separate, non-marital property the following: (1) 1997 Gill Model 1860 S.D. aluminum boat; (2) guns; and (3) bedroom set from grandmother. Additionally, the trial court awarded to Husband the following marital property: (1) Premier Manufacturing stock; (2) two trailers; (3) 1998 Federal and State income tax refunds; and (4) household goods in his possession.

In arriving at the division of marital property, the trial court took into consideration "the conduct of the parties during the marriage, the economic circumstances of each of the parties, and the custodial arrangements for the minor child." The court also "intended to set off the marital property into approximately equal shares, given the nature of the assets of the parties and taking into consideration the award of Wife's attorney fees and expenses as against Husband and given Husband credit therefor."

The trial court awarded Wife sole legal and primary physical custody and control of the child and ordered Husband to pay Wife $633 per month for child support. The court also ordered Husband to pay Wife $2,500 for retroactive child support.

Additionally, the trial court awarded Wife $3,000 for attorney's fees. The trial court denied Husband's Motion for New Trial or in the alternative To Amend and Correct the Judgment.

The standard for reviewing a decree of dissolution is the same for reviewing any court-tried action. *Bullard v. Bullard,* 929 S.W.2d 942, 944 (Mo.App. E.D. 1996). The decree must be affirmed unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). Additionally, we will defer to the trial court's determinations as to the credibility of witnesses. *Bullard,* 929 S.W.2d at 944.

In his point one on appeal, Husband argues that the trial court erred in determining the Premier Manufacturing stock to be marital property because there was substantial evidence to show it was a gift to Husband from his father, making it Husband's separate property. Husband claims that this alleged misclassification of the stock resulted in an inequitable distribution of the marital property.

---

1. Premier Manufacturing, a closely-held corporation, manufactures fire trucks that are sold by Fire Master. Husband's father is the president of both corporations, and Husband's father and mother own 100% of the stock of Fire Master. Husband is employed as a salesman by Fire Master.

Section 452.330.2 [2] provides in relevant part that "'marital property' means all property acquired by either spouse subsequent to the marriage except:

(1) Property acquired by gift, bequest, devise, or descent; . . . ."

Further, "[a]ll property acquired by either spouse subsequent to the marriage and prior to a decree of legal separation or dissolution of marriage is presumed to be marital property regardless of whether title is held individually or by the spouses in some form of co-ownership. . . ." Section 452.330.3. The presumption of marital property may be rebutted by clear and convincing evidence that the property was acquired by gift. *Endebrock v. Endebrock,* 916 S.W.2d 456, 458 (Mo.App. E.D.1996).

Husband acquired the Premier Manufacturing stock subsequent to the marriage and prior to the dissolution of the marriage.[3] Thus, the stock is presumed to be marital property unless Husband showed by clear and convincing evidence that the stock was acquired by gift. Husband testified that the stock was a gift that he accepted from his father, although Husband had no documentation indicating that the stock was a gift or that gift tax was paid on the stock. Husband's father testified that he intended to give the stock to Husband, and not to Wife, as a gift. However, Husband's father also produced no documentation indicating that the stock was a gift or that gift tax was paid on the stock. Wife testified that, based on a conversation with Husband, she believed the stock was given to Husband as compensation for unreimbursed business expenses and as retirement security. Where conflicting evidence exists, deference is given to the trial court which can assess the credibility of the witnesses. *Endebrock,* 916 S.W.2d at 458. Additionally, the trial court possesses broad discretion in identifying marital property. *Kahn v. Kahn,* 839 S.W.2d 327, 333 (Mo.App. E.D.1992). Thus, Husband did not show by clear and convincing evidence that the stock was acquired by gift.[4]

Accordingly, the trial court did not err in classifying the Premier Manufacturing stock as marital property. Husband's point one on appeal is denied.

In his point two on appeal, Husband argues that the trial court abused its discretion in awarding maintenance to Wife because there was insufficient evidence to support a finding that Wife was unable to support herself through employment and to provide for her reasonable needs. Husband claims that Wife's income and the amount of child support awarded her exceed the sum of her reasonable needs and that Wife's limited testimony requesting maintenance proved she would be able to support herself and the child without maintenance. Husband further claims that Wife admitted she could support herself through appropriate employment.

An award of maintenance is a matter resting within the sole discretion of the trial court. *Friedman v. Friedman,* 965 S.W.2d 319, 324 (Mo.App. E.D.1998). Our review of such an award is limited to determining whether the trial court abused its discretion. *Id.* Judicial discretion is abused when the court's judgment is clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock one's sense of justice and indicates a lack of careful consideration. *Hileman v. Hileman,* 909 S.W.2d 675, 679 (Mo.App.

---

2. All statutory references are to RSMo (1994), unless otherwise indicated.

3. Husband received 769 shares in 1993 and another 769 shares in 1995.

4. Husband also argues that the absence of Wife's name on the shareholder agreement or on the stock certificates is evidence of the stock being a gift. However, property acquired by either spouse subsequent to the marriage and prior to a decree of legal separation or dissolution of marriage is presumed to be marital property regardless of whether title is held individually. Section 452.330.3.

E.D.1995). We will not interfere with the trial court's award of maintenance unless the amount of maintenance is patently unwarranted or is wholly beyond the means of the spouse ordered to pay. *Halupa v. Halupa,* 943 S.W.2d 272, 277 (Mo.App. E.D.1997). The party challenging an award of maintenance has the burden of showing the trial court abused its discretion in giving the award. *Bullard,* 929 S.W.2d at 944.

In a proceeding for dissolution of marriage, a court may grant a maintenance order to either spouse, but only if it finds that the spouse seeking maintenance: (1) lacks sufficient property, including marital property apportioned to him or her, to provide for his or her reasonable needs; and (2) is unable to support himself or herself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home. Section 452.335.1. Under this section, a spouse must demonstrate need before a court can order maintenance. *Chen v. Li,* 986 S.W.2d 927, 934 (Mo.App. E.D.1999). Further, the purpose of maintenance is to assist a spouse who is unable to be self-supporting through appropriate employment. *Creech v. Creech,* 992 S.W.2d 226, 229 (Mo.App. E.D.1999). A divorcing spouse has an affirmative duty to seek appropriate full-time employment after dissolution. *Bullard,* 929 S.W.2d at 944.

The trial court attached a Civil Procedure Form 14 to its judgment, in which it found Husband's monthly gross income to be $4,167, based on a $50,000 per year imputed income, and Wife's monthly gross income to be $2,614, before the $200 per month maintenance award.[5] The court did not make a specific finding as to the amount of Wife's reasonable needs nor whether she lacked sufficient property, including marital property apportioned to her, to provide for her reasonable needs. However, it did find the following:

> There is no evidence establishing an impending change in the financial conditions of the parties; there is no reasonable expectation that such a change will take place within the foreseeable future allowing Wife to become self-supporting; and, therefore, an award of maintenance for Wife of limited duration would be inappropriate.

Regarding maintenance, Wife testified to the following: [6]

Q. Melissa, if you are to receive the child support in accordance with the child support chart we filed, the $965 a month child support, with your earnings, do you think you would have sufficient money to not only support [the child] but to support yourself?

A. Yes.

Q. If you do not receive child support in the amount that we've asked for here, do you believe that you would not have sufficient income to support yourself while supporting [the child]?

A. Yes.

---

5. Wife works as a teacher at a private school.

6. Husband objected to Wife's testimony requesting maintenance because she did not specifically plead maintenance in her Petition for Dissolution of Marriage except in the wherefore clause. The trial court overruled Husband's objection because, in its discretion, it allowed Wife to amend her pleading. However, the trial court expressed concern that "nothing was before the Court," and "[m]ore importantly, ... nothing is before [Husband], as far as maintenance is concerned at this time." After trial but before its judgment, the

trial court granted Wife leave to file an Amendment by Interlineation to Petition for Dissolution of Marriage. The amendment alleged the following:

15. Petitioner is without sufficient means with which to support herself with proper employment commensurate with that during the parties' marriage and is need (sic) of maintenance from Respondent. Further, Respondent is employed and earning a substantial and lucrative income, and is capable of contributing to the maintenance of Petitioner.

Q. And in that event would you be seeking some maintenance, you know, in the amount of maybe a couple hundred dollars a month?

A. Yes.

 Not including child-related expenses, the only testimony regarding Wife's current expenses included a mortgage payment in the amount of $750 per month and unspecified car payments. Although Wife filed her Statement of Income and Expense with her Petition for Dissolution of Marriage, the record does not indicate that it was introduced into evidence. Wife entered ten exhibits into evidence, four of which were not identified. The remaining six did not include her Statement of Income and Expense.[7] The filing of a document does not put it before the court as evidence. *Halupa*, 943 S.W.2d at 277.

 An award of maintenance must be made within a reasonable tolerance of proof, and it cannot stand without evidence to support it. *Id.* A mere request for maintenance is insufficient to support a maintenance award. *Id.* Thus, the record is insufficient to determine whether or not Wife has met her burden of demonstrating need. Further, absent findings by the trial court as to Wife's reasonable needs and whether or not she can meet those needs without maintenance, we cannot determine whether or not the trial court abused its discretion in awarding Wife maintenance. Accordingly, Husband's point two on appeal is granted to the extent that we reverse and remand to the trial court for further proceedings regarding maintenance.

 In his point three on appeal, Husband argues that the trial court erred in ordering Husband to pay Wife $2,500 for retroactive child support because there was insufficient evidence to support the order and the order was against the weight of the evidence and an abuse of discretion in that the court failed to indicate how it arrived at the order and whether it credited Husband for any payments made for the benefit of the minor child.

 Section 452.340.1 permits the trial court to award retroactive child support to the date of the filing of the petition. It is within the trial court's discretion to award retroactive child support. *Halupa*, 943 S.W.2d at 275. Further, a party is entitled to receive credit against the retroactive award of temporary support for voluntary amounts paid to the child between the time of separation and the time of trial. *Halupa v. Halupa*, 980 S.W.2d 325, 328 (Mo.App. E.D.1998).

Wife filed her Petition for Dissolution of Marriage on July 20, 1998. However, Husband and Wife continued to live together until March 1999. On July 15, 1999, the trial court entered its judgment ordering Husband to pay Wife $2,500 for retroactive child support. Regarding child-related expenses during this time, Wife testified that, after Husband moved out of the house, he contributed $250 towards a medical expense and provided her with two checks in the amount of $225 each.[8] Wife also testified that Husband should be given credit for these contributions. Husband testified that, after he moved out of the house, he provided Wife with between $400 to $500 per month "for the upkeep of [the child]."

Where conflicting evidence exists, deference is given to the trial court which can assess the credibility of the witnesses. *Endebrock*, 916 S.W.2d at 458. Thus, Husband is entitled only to a credit for the $700 that Wife testified she received for child-related expenses after Husband moved out of the house. However, the trial court's judgment did not specify whether this credit was applied to the

---

7. Husband's exhibits did not include a copy of Wife's Statement of Income and Expenses either.

8. Wife's testimony was unclear as to whether she received an additional check in the amount of $225 that cleared.

$2,500 retroactive child support award. Therefore, although we find the trial court did not abuse its discretion in awarding retroactive child support, we remand for a determination of whether or not the retroactive child support award reflects a $700 credit for Husband's payments to Wife during the separation period. Husband's point three on appeal is granted in part.

Accordingly, the judgment of the trial court is affirmed in part and reversed and remanded in part with directions to reconsider Wife's request for maintenance and to determine whether or not the retroactive child support award reflects a $700 credit for Husband's payments to Wife during the separation period. Costs on appeal are to be split between the parties.

MOONEY, P.J., and SIMON, J., concur.