David BONENBERGER,
Petitioner/Respondent,

v.

Lisa BONENBERGER,
Respondent/Appellant.

No. ED 81265.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 17, 2003.

Lynn Ricci, Garnholz & Ricci, Law Firm, St. Louis, MO, for Appellant.

Nathan S. Cohen, Clayton, MO, for Respondent.

SHERRI B. SULLIVAN, J.

*Introduction*

Lisa Bonenberger (Wife) appeals from a trial court judgment entered in a dissolution action. Wife alleges trial court error in the award of child support and maintenance, the distribution of property, and the failure to award attorney's fees. We affirm in part and remand in part.

*Factual and Procedural Background*

Wife and David Bonenberger (Husband) were married on February 7, 1990. The parties have one child (Child) born of the marriage on July 5, 1993.[1] The parties separated on or about May 10, 2001. On May 31, 2001, Husband filed a Petition for Dissolution of Marriage and on July 31, 2001, Wife filed a Cross–Petition for Dissolution of Marriage.

After a trial in January 2002, the trial court entered a judgment dissolving the parties' marriage on February 14, 2002. The trial court awarded joint legal custody of Child to the parties, with primary physical custody with Wife, subject to reasonable temporary physical custody and visitation with Husband. The trial court attached to the judgment and incorporated by reference a Form 14 and ordered Husband to pay to Wife $531.10 in monthly child support.

The trial court also ordered Husband to pay to Wife $250 in monthly maintenance, which is modifiable. The trial court divided and distributed the marital property and debt of the parties, finding no identifiable separate property of the parties. The trial court ordered each party to pay their own attorney's fees. The trial court also ordered Husband to pay to Wife $1,364.15 in child support and maintenance arrears under a Pendente Lite Judgment.

Subsequently, Wife filed a Motion to Amend Judgment, For a New Trial, or in the Alternative to Reopen for New Evidence. On May 7, 2002, after a hearing, the trial court entered an amended judgment. The only amendment relevant to the issues raised on appeal is the trial court's amendment of the Form 14. The trial court deleted a $33.90 credit for visitation because Husband's income did not meet the threshold. Thus, the trial court ordered Husband to pay to Wife $565 in monthly child support.

*Standard of Review*

The standard for reviewing a judgment of dissolution is the same for reviewing any court-tried action. *Bullard*

---

1. Wife also has a child born in 1985 from a prior marriage.

*v. Bullard,* 929 S.W.2d 942, 944 (Mo.App. E.D.1996). The judgment must be affirmed unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). We view the evidence and the inferences therefrom in the light most favorable to the judgment and disregard all contrary evidence. *Endebrock v. Endebrock,* 916 S.W.2d 456, 457 (Mo.App. E.D.1996). Additionally, we recognize the superior position of the trial court to judge factors such as credibility, sincerity, character of the witnesses, and other intangibles that are not revealed in a trial transcript. *Ficker v. Ficker,* 62 S.W.3d 496, 499 (Mo.App. E.D.2001). The trial court is free to accept or reject all, part, or none of the testimony of a witness. *Endebrock,* 916 S.W.2d at 459.

### Discussion

■ Wife raises four points on appeal. In her first point, Wife argues that the trial court erred in awarding Wife only $565 per month in child support because the trial court calculated the amount using an incorrect monthly income for Husband on the Form 14 and because Husband was willing to make additional child support payments in the form of private school tuition.

■ An award of child support is within the sound discretion of the trial court. *Bullard v. Briem,* 969 S.W.2d 880, 883 (Mo.App. E.D.1998). We will not substitute our judgment for that of the trial court absent a manifest abuse of discretion, and we will not disturb an award of child support unless the evidence is "palpably insufficient" to support it. *Id.*

In its judgment, the trial court found the following:

The Court rejects [Wife's] Form 14 as not being supported by the evidence. The amount calculated pursuant to [Husband's] Form 14, Exhibit 10, for support of the minor and unemancipated child, after considering all relevant factors, has been found not unjust or inappropriate.

There is a rebuttable presumption that the amount of child support calculated pursuant to Form 14 is the correct amount of child support to be awarded. Rule 88.01(b).[2] The trial court may adopt the Form 14 calculation of either party. *M.B. By and Through P.B. v. J.N.,* 926 S.W.2d 929, 930 (Mo.App. E.D.1996). Husband's Form 14, admitted into evidence at trial and attached to the trial court's judgment and incorporated by reference, calculated Husband's monthly income as $3,458.

Husband is a police officer. As a police officer, Husband's yearly salary from the years 1998–2001 ranged from $37,210 to $50,650, or about $3,100 to $4,220 per month. He testified that he is awaiting a surgical consultation for a hand injury that relates to his being able to operate a weapon. Husband also has a disability in both knees and his left shoulder as a result of a work-related injury.

Husband has secondary employment as a security officer. From the years 1998 to 2001, his yearly earnings ranged from $9,151 to $10,013. However, the Direction for Form 14, Line 1 states that earnings from secondary employment *may* be included, in whole or in part, in gross income in appropriate circumstances. Thus, the trial court was not required to include this income in its Form 14 calculation of Husband's monthly gross income. Accordingly, we find that the trial court did not err in its calculation of Husband's monthly gross income on the Form 14.

**2.** All rule references are to Mo. R. Civ. P.2003, unless otherwise indicated.

■ However, when the trial court enters an order of child support, it must consider "all relevant factors including ... the child's educational needs." Section 452.340.1.[3] Thus, private school tuition may be a valid item of support. *In re Marriage of Glueck*, 913 S.W.2d 951, 955 (Mo.App. E.D.1996). The judgment is unclear whether or not the trial court considered Child's private school tuition in its calculation of child support under its Form 14. The record reveals that Husband has been and agreed to continue paying 100% of Child's private school tuition of $248 per month. The payments are automatically deducted from Husband's checking account every month, year round. Husband testified that he believes the only option for Child's education is at the private school because of where Child lives. Husband asked the trial court to consider in its establishment of child support the fact that Husband pays Child's tuition. In two previous temporary orders, the trial court ordered Husband to pay Child's tuition. However, in its judgment, the trial court made no finding regarding Child's tuition. Because we are unable to determine whether or not the amount of child support calculated under the trial court's Form 14 included consideration of Child's private school tuition, we remand to the trial court to make such a finding or to enter a separate order specifying which parent is to pay for Child's tuition.

■ In her second point on appeal, Wife argues that the trial court erred in awarding Wife only $250 per month in maintenance because Husband earns $5,055 per month, is in good health, and was awarded the bulk of the marital estate, including all of the vehicles, whereas Wife is unemployed, disabled, and was not awarded a vehicle.

■ An award of maintenance is a matter resting within the sole discretion of the trial court. *Shelton v. Shelton*, 29 S.W.3d 400, 403 (Mo.App. E.D.2000). Our review of such an award is limited to determining whether the trial court abused its discretion. *Id.* Judicial discretion is abused when the court's judgment is clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock one's sense of justice and indicates a lack of careful consideration. *Id.* We will not interfere with the trial court's award of maintenance unless the amount of maintenance is patently unwarranted or is wholly beyond the means of the spouse ordered to pay. *Id.* at 404. The party challenging an award of maintenance has the burden of showing the trial court abused its discretion in giving the award. *Id.*

The trial court found "a necessity to award maintenance" to Wife. Accordingly, the amount of maintenance to be awarded is that which the trial court "deems just." Section 452.335.2. Under Section 452.335.2, to determine the amount of maintenance, the trial court considers the following relevant factors:

(1) the financial resources of the party seeking maintenance, including marital property apportioned to him, his ability to meet his needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian;

(2) the time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;

(3) the comparative earning capacity of each spouse;

(4) the standard of living established during the marriage;

---

**3.** All statutory references are to RSMo. (2000), unless otherwise indicated.

(5) the obligations and assets, including the marital property apportioned to him and the separate property of each party;

(6) the duration of the marriage;

(7) the age, and the physical and emotional condition of the spouse seeking maintenance;

(8) the ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance;

(9) the conduct of the parties during the marriage; and

(10) other relevant factors.

We addressed Husband's salary and physical condition under Wife's point one on appeal. Although Wife is currently unemployed, she has held various jobs in the past, such as data entry, cashier, and sales clerk. We note that the trial court did not impute income to Wife. Further, although Wife suffers from diabetes, hypertension, gastroparesis, and neuropathy,[4] the social security administration has determined that Wife is not eligible for disability benefits, and at the time of trial, Wife had not appealed this decision. The decision stated that while Wife's condition may prevent her from returning to her past work, she is not prevented from doing other types of less demanding work. However, Wife has not made any efforts to become employed.

Additionally, the trial court ordered the marital home to be sold and any net proceeds from the sale to be divided equally between the parties. Wife is allowed to stay in the residence until it is sold or for a period of six months, whichever occurs first. Husband is responsible for the payment of the mortgage and the utilities and for maintenance of the residence up to the time of the sale of the residence.[5]

We find that the trial court did not abuse its discretion in its award of maintenance. Accordingly, Wife's point two on appeal is denied.

■ In her third point on appeal, Wife argues that the trial court failed to set out to Wife any one of the parties' four vehicles, failed to dispose of the parties' 1990 Mazda RX–7, and failed to dispose of Wife's debt to her father.

In her reply brief, Wife withdrew the portion of this point dealing with the parties' vehicles. Subsequent to the trial court judgment, Husband filed an affidavit of gift with the Department of Revenue transferring title and conveying ownership of the Mazda to Wife. Wife subsequently sold the Mazda for $500. Husband also transferred ownership of a 1992 Mercury Tracer to Wife. Thus, the issues raised by Wife regarding the parties' vehicles are moot.

■ Regarding Wife's alleged debt to her father, Wife submitted into evidence an exhibit, presumably prepared for trial, listing three "loans" from her father, totaling $3,329.63. According to the exhibit, two payments were made to Wife; the first dated September 7, 2001 in the amount of $1,320.58, the second dated October 25, 2001 in the amount of $426.05. Attached to the exhibit were copies of two money transfer orders for these payments. At the top of one copy the following was typed: "This is to acknowledge this loan of $1,320.58 to my daughter, Lisa R. Bonenberger. This money is to be used to be paid towards her house." At the top of the other copy the following was typed:

---

4. We note that even with these medical conditions, Wife recently had participated in recreational horseback riding.

5. We address Wife's argument regarding the award of vehicles in her point three on appeal.

"Added loan of $426.05 on 10/25/011 (sic) for same purposes as above for total of $1,746.63." The third payment was made directly to Wife's attorney on December 12, 2001 in the amount of $1,583. A copy of the check was attached to the exhibit.

Wife's father did not testify at trial. Wife testified that she did not sign a promissory note for these payments. She testified that the payments to her were for mortgage payments to avoid foreclosure of the marital home because she was not receiving support from Husband and the payment to her attorney was for attorney's fees.

Wife requested the trial court to consider the alleged debt to her father in equitably dividing the property. Wife's Proposed Division of Property/Debt allocates the alleged debt to Wife. The only debt assigned to Wife in the judgment is credit cards solely in her name. There is an apparent dispute whether the $3,329.63 from Wife's father is a debt, or more specifically a marital debt.

In its judgment, the trial court did not make a finding of fact regarding Wife's alleged debt to her father. Therefore, we presume the trial court rejected the evidence presented relating to Wife's alleged debt to her father and disbelieved Wife's testimony of such, which the court is free to do. Thus, we presume the trial court concluded that Wife had no debt to her father and accordingly, the court had no debt of which to dispose. This conclusion is within the trial court's discretion. Accordingly, Wife's point three on appeal is denied.

■■■ In her fourth point on appeal, Wife argues that the trial court erred in refusing to order Husband to pay Wife's attorney's fees.

■■■ Section 452.355.1 authorizes an award of attorney's fees in dissolution cases after the trial court considers "all relevant factors including the financial resources of both parties, the merits of the case and the actions of the parties during the pendency of the action." How the factors balance varies from case to case. *Craig–Garner v. Garner*, 77 S.W.3d 34, 40 (Mo.App. E.D.2002). A party's conduct during the marriage may also be considered. *In re Marriage of Kovach*, 873 S.W.2d 604, 608 (Mo.App. E.D.1993).

■■■ To require one party to pay the attorney's fees of the other mandates a showing of unusual circumstances justifying deviation from the normal rule that each party should bear his or her own litigation costs in a dissolution action. *Schwartzkopf v. Schwartzkopf*, 9 S.W.3d 17, 24 (Mo.App. E.D.1999). We will overturn the trial court's order only upon a showing that the trial court abused its broad discretion in ordering, or refusing to order, one party to pay the attorney's fees of the other party. *Id.* To demonstrate an abuse of discretion, the complaining party has the burden to show that the order for attorney's fees, or the refusal to order, was clearly against the logic of the circumstances and was so arbitrary and unreasonable as to shock one's sense of justice and to indicate a lack of deliberation. *Id.*

During the parties' separation, Wife sold a horse that she acknowledged was marital property and used the proceeds to pay her attorney. Wife also took $5000 from a joint account and used $2000 of that amount to pay her attorney. Wife also testified that her father gave her money to pay her attorney.

Wife has not shown such unusual circumstances justifying deviation from the normal rule that each party should bear his or her own litigation costs in a dissolution action.

Wife also cites Section 452.355.2 to support her argument that she is entitled to an award of attorney's fees. This section provides in relevant part:

In any proceeding in which the failure to pay child support pursuant to a temporary order or final judgment is an issue, if the court finds that the obligor has failed, without good cause, to comply with such order or decree to pay the child support, the court shall order the obligor, if requested and for good cause shown, to pay a reasonable amount for the cost of the suit to the obligee, including reasonable sums for legal services.

Even if this section were applicable, the trial court did not find that Husband failed to pay child support without good cause, and therefore the trial court was not required to award Wife her attorney's fees.

We do not find that the trial court abused its discretion in refusing to order Husband to pay Wife's attorney's fees. Accordingly, Wife's point four on appeal is denied.

### Conclusion

We remand to the trial court to make a finding regarding Child's private school tuition as it relates to the award of child support or to enter a separate order specifying which parent is to pay for Child's tuition. In all other respects, the judgment of the trial court is affirmed.

WILLIAM H. CRANDALL, JR., P.J., and GLENN E. NORTON, J., concur.