**Rochelle BARRON, Respondent,**

v.

**Gary Gene BARRON, Appellant.**

**No. WD 39633.**

Missouri Court of Appeals, Western District.

March 29, 1988.

James J. Wheeler, Keytesville, for appellant.

Respondent did not file brief.

Before KENNEDY, C.J., and MANFORD and BERREY, JJ.

MANFORD, Judge.

Gary Gene Barron (husband) appeals from the order of the circuit court dissolving his marriage to Rochelle Barron (wife) and dividing the parties' marital property. The husband challenges only that portion of the order dividing the marital property.

The judgment is reversed and remanded with directions.

When the Barrons married in 1982, each spouse owned separate property. They separated in 1985 after nearly four years of marriage. Although no children were born of the marriage, the wife had an eight-year-old daughter from a prior marriage. During the marriage, both spouses held full-time jobs. Both parties alleged marital misconduct on the part of the other and each denied the respective allegations.

In its dissolution decree, the trial court declared the marriage to be irretrievably broken, restored the wife's maiden name, ordered the husband to pay the wife's attorney's fees of $350, taxed costs against the husband, and divided property. The wife requested no maintenance. After dividing household goods and personal items, the trial court decreed the following property distribution: The wife received the family home in Columbia subject to an encumbrance, two motor vehicles, each subject to a lien, 50 shares of AT & T stock, and 20 shares of Merek stock. To the husband, the court apparently awarded two lots in Macon, two houses in Macon, three motor vehicles, and a tax refund of $4,465.

In his sole point, the husband argues that the division of marital property was unjust and inconsistent with § 452.330, RSMo 1986. The husband maintains that his wife received 69% of the marital property by value, while his share was only 31%. Insisting that he should have received assets valued at approximately one-half of

the marital estate, the husband emphasizes the short duration of the marriage and his contributions to the acquisition of marital property, but minimizes any marital misconduct. The wife filed no brief.

The lack of a sufficient record requires reversal and remand for additional findings. In calculating the 69%–31% division, the husband relies on figures not apparent from the record. A party to an appeal, we well as an appellate court, must take the record as it exists. *Daniels v. Daniels,* 675 S.W.2d 29, 31 (Mo.App.1984).

Neither party to this dissolution requested specific findings as to the value of the marital property. Under Missouri law, however, a trial court is not required to specifically determine the value of particular items of marital property unless a party requests such findings or unless the record contains insufficient evidence to enable the court to make a just division. *Dardick v. Dardick,* 670 S.W.2d 865, 868–69 (Mo. banc 1984); *Featherston v. Featherston,* 710 S.W.2d 288, 291 (Mo.App.1986).

At the hearing, the spouses, their attorneys, and even the trial judge expressed uncertainty about the value of the stock. The record contains no evidence of the value of several parcels of real estate, of certain motor vehicles, and of various items of personal property. This lack of evidence thwarts appellate review of the justness of the trial court's property division. *See Johnson v. Johnson,* 743 S.W.2d 595, 597 (Mo.App.1988); *Daniels v. Daniels,* 675 S.W.2d at 33. To be just, a property division must be based upon evidence of a fair and accurate valuation of the marital property. *Frame v. Frame,* 696 S.W.2d 332, 336 (Mo.App.1985).

The property distribution in this case is further complicated by the trial court's failure to designate which property was separate and which property was marital. The spouses' rights in their separate and marital property must be determined. *Id.* at 335, and Section 452.330 requires the trial court to set apart to each spouse his or her separate property before dividing the remaining marital property. *McClement v. McClement,* 681 S.W.2d 500, 501 (Mo.App.

1984). Identification of separate and marital property is a necessary antecedent to a subsequent just division of marital property. *Id.* at 502. The value of the property set apart to each spouse is one of the four nonexclusive factors to be considered by the trial court when dividing marital property. *Degerinis v. Degerinis,* 724 S.W.2d 717, 721 (Mo.App.1987).

Ambiguities and possible incongruities in the dissolution decree make it difficult to determine whether the trial court disposed of all the spouses' property. The record provides an inadequate basis for matching addresses of real property with legal descriptions. The award to the husband of "all vehicles ... in his possession" requires clarification. The hearing transcript indicates that the husband had three motor vehicles in his possession; however, the husband's brief refers to only two vehicles. Disposition of all property in the dissolution decree is a jurisdictional requisite. *Frame,* 696 S.W.2d at 334.

The property division portion of the dissolution decree is reversed and remanded to the trial court for specific findings (taking additional evidence if necessary) as to the identification of marital versus nonmarital property, and specific findings as to the valuation of the divisible property.

All concur.