**Lois Dean RAWLINGS, Respondent,**

v.

**Jim Ray RAWLINGS, Appellant.**

No. WD 57821.

Missouri Court of Appeals, Western District.

Feb. 6, 2001.

Daniel L. Viets, Columbia, for Appellant.

L.G. Copeland, Columbia, for Respondent.

Before BRECKENRIDGE, P.J., ULRICH, J. and HOWARD, J.

ULRICH, J.

Jim Rawlings appeals the trial court's judgment dissolving his marriage to Lois Rawlings and dividing property and debts. He claims that the trial court abused its discretion in designating and allocating to him over $66,000 in credit card debt as his separate, nonmarital debt. Mr. Rawlings also contends that the trial court's overall division of marital property and debt was unjust and disproportionate. The judgment of the trial court is reversed, and the case is remanded with directions.

Jim and Lois Rawlings were married in 1990. No children were born to the union. Both parties were employed full-time during the marriage. Mr. Rawlings was self-employed, operating two businesses. One business provided maintenance of rental properties. The second business involved trading firearms. Mr. Rawlings's income was about $2500 per month or $30,000 per year. Mrs. Rawlings, who had been employed at GTE for 23 years, had a gross income of $38,000 at the time of dissolution. During the marriage, Mr. and Mrs. Rawlings maintained separate finances. They had separate checking accounts and credit cards but filed joint tax returns.

The parties separated in December 1998. At the time of dissolution, the parties owned both separate and martial property. Included in the property were three parcels of real estate. The three properties consisted of a residence on 5 acres located in Ashland, Missouri, owned by Mrs. Rawlings before the marriage and

used by the couple as their residence. This lot in Ashland was expanded shortly after the marriage when the couple purchased a 1.8 acre contiguous tract of land and built a garage on it. The second property was a house and lot in Clark, Missouri, acquired by the parties during the marriage at an auction. Finally, the third property, located in Harrisburg, Missouri, consisted of 5 acres and was bought by Mr. Rawlings from his parents during the marriage.

Additional assets owned by the parties at the time of dissolution were Mrs. Rawlings's GTE pension and 401(k) savings and investment plans, 350 shares of GTE stock purchased through her employer, and a Prudential IRA purchased by Mrs. Rawlings before the marriage. The parties also acquired during the marriage a recreational membership at Lost Valley Lake, two $500 savings bonds, and various cars, trucks, guns, boats, ATV's, antiques, and household goods. The parties also held various loans and credit card debt at the time of dissolution including over $66,000 in debt accumulated on Mr. Rawlings's personal credit cards.

The trial court's judgment awarded Mrs. Rawlings separate property valued at $126,200. Mr. Rawlings was awarded no separate property. The court found the marital estate was worth $204,663 and awarded Mrs. Rawlings marital property valued at $108, 923 and Mr. Rawlings marital property valued at $95,740. Mr. Rawlings was awarded a share of Mrs. Rawlings's GTE pension by a Qualified Domestic Relations Order. The court allocated debt to the parties as follows: "Each party, *by their agreement* (emphasis added), shall pay their own debts and the specific or secured debt on any property assigned or set over to them and hold the other harmless therefrom." This appeal by Mr. Rawlings followed.

Mr. Rawlings raises two points on appeal. In his first point, he claims that the trial court abused its discretion in designating and allocating to him over $66,000

in credit card debt as his separate, non-marital debt. He asserts that the record does not disclose an agreement by the parties that each party be responsible for his or her debt and that his credit card debt was "substantially" the result of marital expenses and, thus, marital debt that should have been divided by the trial court under section 452.330.1. Second, Mr. Rawlings contends that the trial court's overall division of marital property and debt was unjust and disproportionate in that he was awarded only 16% of the marital estate when considering that he was assessed his entire credit card debt.

The judgment of the trial court in a dissolution proceeding will be affirmed on appeal unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976); *DeMayo v. DeMayo,* 9 S.W.3d 736, 739 (Mo.App. W.D.2000). The trial court has broad discretion in distributing property, and an appellate court will interfere only if the division is so unduly weighted in favor of one party as to constitute an abuse of discretion. *Silcox v. Silcox,* 6 S.W.3d 899, 904–905 (Mo. banc 1999); *DeMayo,* 9 S.W.3d at 739. "An abuse of discretion will be found only if the award is so arbitrary or unreasonable that it indicates indifference and lack of proper judicial consideration." *Silcox,* 6 S.W.3d at 905 (citation omitted). The party challenging the divorce decree has the burden of demonstrating error. *Wright v. Wright,* 1 S.W.3d 52, 57 (Mo.App. W.D.1999).

Section 452.330 governs the disposition of property and debts in a proceeding for dissolution of marriage and mandates a two-step process to be followed by the trial court. *Nelson v. Nelson,* 25 S.W.3d 511, 516–517 (Mo.App. W.D.2000); *Rivers v. Rivers,* 21 S.W.3d 117, 122 (Mo.App. W.D.2000). The trial court must first set aside to each spouse his or her nonmarital property and then

divide the marital property and debts in such proportions as the court deems just. § 452.330, RSMo Cum. Supp. 1998; *Nelson*, 25 S.W.3d at 517. In dividing marital property and debts, the trial court is required to consider all relevant factors including:

(1) The economic circumstances of each spouse at the time the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children;

(2) The contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker;

(3) The value of the nonmarital property set apart to each spouse;

(4) The conduct of the parties during the marriage; and

(5) Custodial arrangements for minor children.

§ 452.330.1, RSMo Cum. Supp. 1998. These factors are not exclusive, and no formula is recognized respecting the weight to be given to the relevant factors. *Nelson*, 25 S.W.3d at 517. The division of marital property and debts need not be equal, but must be fair and equitable given the circumstances of the case. *Id.* That one spouse is awarded a higher percentage of marital assets does not per se constitute an abuse of discretion. *Id.*

 In dividing marital debts, the trial court is vested with broad discretion in determining in what manner the debts should be divided, and an appellate court will not disturb its division absent a clear showing of an abuse of discretion. *Rivers*, 21 S.W.3d at 122. The trial court possesses authority to distribute marital debts in the sense that one spouse may be assigned the primary duty to pay off the debt and hold the other spouse harmless on the same. *Id.* at 123. "The fact that one spouse did not control or actively participate in the decision to incur a debt does not preclude its allocation to that spouse

where it is determined to be marital debt." *Id.* (citing *Wright*, 1 S.W.3d at 60).

 Although section 452.330 does not define marital debts, it does provide a definition for marital property:

"marital property" means all property acquired by either spouse subsequent to the marriage except:

(1) Property acquired by gift, bequest, devise, or descent;

(2) Property acquired in exchange for property acquired prior to the marriage or in exchange for property acquired by gift, bequest, devise, or descent;

(3) Property acquired by a spouse after a decree of legal separation;

(4) Property excluded by valid written agreement of the parties; and

(5) The increase in value of property acquired prior to the marriage or pursuant to subdivisions (1) to (4) of this subsection, unless marital assets including labor, have contributed to such increases and then only to the extent of such contributions.

§ 452.330.2, RSMo Cum. Supp. 1998. Thus, all property acquired by either spouse subsequent to the marriage and prior to a decree of legal separation or dissolution of marriage is presumed to be marital property regardless of whether title is held individually or by the spouses in some form of co-ownership. *Jezewak v. Jezewak*, 3 S.W.3d 860, 864 (Mo.App. E.D. 1999). In accordance with the definition of marital property, it follows that marital debt is debt incurred subsequent to commencement of the marriage unless an exception applies. *Wright*, 1 S.W.3d at 60.

 The record reveals that since their marriage, the parties, by mutual agreement, kept separate finances, including separate checking accounts and credit cards. In distributing the parties' debts, the trial court determined that each party shall pay all his or her own debts pursuant to their agreement. Such finding is con-

sistent with a finding that the debts were separate, nonmarital debts. Section 452.330.2 provides that parties may exclude property acquired during the marriage and, by implication, debts incurred during the marriage from division between the parties as marital property and debts by a valid agreement in writing. § 452.330.2(4), RSMo Cum. Supp. 1998. The parties, however, never entered into a specific written agreement prior to or during the marriage that each would be responsible for his or her own debts or, in other words, that the debts incurred during the marriage by each party would be the separate, nonmarital debt of that party who incurred the debt. The trial court's determination that the debts of the parties were separate, nonmarital debts was not, therefore, supported by substantial evidence and was an abuse of discretion. The judgment of the trial court is reversed. And because the record does not disclose the nature of the debts or when they were incurred, the case is remanded to the trial court for determination of whether all the debts of the parties were marital or nonmarital and, if marital, for division of the debts and the marital property in such proportions as the court deems just after consideration of all relevant factors.

BRECKENRIDGE, P.J., and HOWARD, J., concur.