**Robert Eugene RIDDELL, Jr., Appellant,**

v.

**Lynn Ellen RIDDELL, Respondent.**

No. WD 63070.

Missouri Court of Appeals, Western District.

Oct. 5, 2004.

Gary Michael Steinman, Gladstone, for appellant.

Leslie Mayberry Schneider, Columbia, for respondent.

RONALD R. HOLLIGER, Judge.

Robert Riddell (Husband) appeals the provisions of the trial court's judgment dividing the marital property and debts accrued during Husband's twenty-year marriage to Lynn Riddell (Wife). In that division, Wife received eighty-three percent of the marital property and was ordered to pay only eighteen percent of the marital debt. Husband received approximately $6,500 in the property division, but was allocated over $17,000 in marital debt.

We find that the trial court abused its discretion in dividing the marital property and debt by dividing the marital property and debt in an inequitable manner. We reverse the judgment and remand the matter for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 27, 2003, the trial court dissolved the parties' twenty-year marriage. There were two children born of that marriage, and one of those children was emancipated at the time of the judgment. The other child was still attending high school.

There are no issues related to child custody, visitation, or support raised in the present appeal.[1]

The most substantial marital asset was the parties' ownership of an "undivided interest" in a 15.34–acre tract, valued at approximately $68,000, that was part of a 32.04–acre tract that was originally part of the intestate estate of Husband's stepfather. The parties purchased their interest in the 15.34–acre tract from Husband's mother, the personal representative of the estate, in April 2000. The purchase of that interest was financed, with the loan secured by the entire 32.04–acre tract. From the date the 15.34–acre tract was purchased, the parties made only interest payments, and had no equity in the property. There was a sale of the entire 32.04–acre tract planned shortly after trial, but the portion of the proceeds from the sale allocable to the 15.34–acre tract were approximately the amount remaining due upon the parties' mortgage. Thus, this asset was essentially valueless.

The remaining marital property[2] (minus associated debts tied to the particular item of property) for distribution by the trial court was valued at approximately $38,140.26. Of this amount, Husband received assets totaling $6,446.26, or 16.9 percent of the total marital assets, including a Skyline camper in which he was residing at the time of trial, his vehicle, and the cash value of a life insurance policy held by him. Wife received $31,694 in the property division, or 83.1 percent of

---

**1.** We note, however, that the judgment fails to set forth the parenting plan required under Section 452.375.9, RSMo 2000. That deficiency should be remedied by the trial court on remand.

**2.** The trial court's judgment allocates an unknown amount of personal property to the party in possession of the property. The parties dispute whether Wife's retirement account was distributed under this clause. Leaving that issue aside, neither party raises an argument on appeal that the personal property distributed in this manner was a substantial portion of the marital assets, nor that said distribution caused a meaningful difference in the ratio of assets distributed to each party.

the assets divided by the trial court. Wife's share included primarily the marital mobile home (with net equity of approximately $13,000), as well as her retirement account with the University of Missouri (valued at $16,694).[3]

There was also an unequal division of the marital debt. The total debts for division by the trial court (aside from those associated with specific marital assets which were awarded in the division of marital property) totaled $20,919.56. Husband was ordered to pay $17,091.16 of that amount, nearly eighty-two percent of the marital debt. Wife was ordered to pay the remaining $3,828.40.

## DISCUSSION

■ In his first point on appeal, Husband argues that the trial court abused its discretion in its division of marital property and debts, in that it was arbitrary, unreasonable, and so weighted in Wife's favor as to indicate indifference and lack of proper judicial consideration.

■ The trial court's division of marital property is granted considerable deference on appeal, such that "we will reverse the judgment 'only if the division is so unduly weighted in favor of one party as to constitute an abuse of discretion.'" *Ludwig v. Ludwig*, 126 S.W.3d 466, 477 (Mo. App.2004) (citation omitted). To conclude that the trial court abused its discretion, "the arbitrary and unreasonable nature of the award" must suggest "indifference and a lack of appropriate judicial consideration." *Id.* In determining whether the

trial court's division of property was supported by substantial evidence, we view the evidence in the light most favorable to the judgment. *See id.* at 474. If there is sufficient evidence to support the judgment, we will affirm, even if the evidence could support a different conclusion. *See id.*

In determining the appropriate division of marital property, the trial court must consider all relevant factors. § 452.330.1, RSMo 2000.[4] Among those factors are five set forth expressly by statute:

(1) The economic circumstances of each spouse at the time the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children;

(2) The contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker;

(3) The value of the nonmarital property set apart to each spouse;

(4) The conduct of the parties during the marriage; and

(5) Custodial arrangements for minor children.

*Id.* As a general proposition, the court's division of marital property should be substantially equal unless one of the statutory factors renders such a division unjust. *Nelson v. Nelson*, 25 S.W.3d 511, 518 (Mo. App.2000) (quoting *Hubbs v. Hubbs*, 870 S.W.2d 901, 908 (Mo.App.1994)). Marital debts should be similarly divided. *See* § 452.330.1, RSMo.

---

3. Husband's second point on appeal is that the trial court failed to divide the wife's pension. At a post-trial hearing, Husband pointed out that the decree did not mention the pension, although it and its value were in evidence. The court made a docket entry that said wife should receive the pension and that this made the division unequal but still fair.

Nevertheless, the decree was never amended to expressly allocate the asset. Wife now claims the pension was divided by a catchall provision in the decree.

4. All statutory references are to RSMo 2000, unless otherwise indicated.

No findings of fact were requested and the trial court made no findings with regard to any of the statutory factors in the property and debt division. Nor did the court cite any other reason why such a disproportionate award was equitable. Neither party raises any argument that there are nonstatutory factors that are relevant to the property division. Upon our review of the facts, only three of the five statutory factors, appear to have any bearing in the case at bar.

First, the economic circumstances of the parties tend to favor a distribution favoring Wife, although there was no great disparity in income. Wife earns approximately $2,000 per month, while Husband earns wages in the neighborhood of $2,700 per month. The primary residence of the parties' minor daughter was with Wife. This would tend to favor the award to Wife of the marital mobile home. Overall, this factor tends to favor Wife in the property division but is somewhat mitigated because the only child remaining at home was in high school.

The second potentially relevant factor is the conduct of the parties during the marriage. There was testimony by Wife that Husband had engaged in a sexual relationship with a prostitute after the parties' previous separation, over twelve years earlier. She also testified that prior to 1990 Husband drank heavily and was physically violent with her, on occasion. The only other testimony regarding physical violence was Wife's statement that Husband "smacked" her on the leg hard enough, the morning of their separation, that a bruise developed. Husband raised allegations in his testimony that Wife had engaged in an online relationship with another man, which wife denied. There was little evidence, however, that either party's misconduct ultimately placed a disproportionate or unreasonable, if any, burden on the marital partnership or was a greater factor in the breakdown of the marriage. *See Ludwig,* 126 S.W.3d at 477–78; *In re Marriage of V.A.E.,* 873 S.W.2d 262, 269 (Mo. App.1994).

The third factor concerned the child custody provisions. As stated above, the minor child's primary residence was with Wife. As such, that factor tended to favor her in the property distribution.

While the statutory factors may tend to favor Wife in the property division, those factors are not sufficient to justify the simultaneous award of the overwhelming majority of the marital property to Wife while allocating to Husband a similarly disproportionate majority of marital debt. We conclude that the property and debt division is arbitrary and unreasonable, reflecting indifference and a lack of judicial consideration. Wife cites to a number of cases where we have approved similarly disproportionate divisions. In each of those cases, however, there was substantial evidence supportive of a very disproportionate division. No such evidence is present here. We agree with Husband that the award constituted an abuse of discretion. We, therefore, grant Husband's first point on appeal. As this point is dispositive, we need not address Husband's second point on appeal, which contends that the trial court did not classify or properly allocate Wife's University of Missouri retirement account within the division of marital property.

The judgment of the trial court is reversed, and the matter is remanded to the trial court for further proceedings consistent with this opinion.

PAUL M. SPINDEN, Presiding Judge, and LISA WHITE HARDWICK, Judge, concur.