**Geneva McCOY, Respondent,**

v.

**Terry Mitchel (Mitch) McCOY, Appellant.**

No. WD 62818.

Missouri Court of Appeals, Western District.

Feb. 15, 2005.

474

James O. Kjar, Warsaw, MO, for Appellant.

James E. Switzer, Clinton, MO, for Respondent.

Before SMART, P.J., ELLIS and HARDWICK, JJ.

LISA WHITE HARDWICK, Judge.

Terry McCoy (Husband) appeals from the property division in the judgment dissolving his marriage to Geneva McCoy (Wife). Because the trial court prejudicially erred in classifying certain property as Wife's non-marital property, we reverse the judgment and remand.

FACTUAL AND PROCEDURAL HISTORY

After six years of marriage, Wife filed a dissolution petition against Husband in December 2001. The primary issue at trial was the property division. Wife requested the court to set apart as her non-marital property a parcel of real estate in Henry County, valued between $155,000 and $189,000, and a $38,000 promissory note. Although both property items were acquired during the marriage, Wife argued they were non-marital because they were acquired from the sale of property she owned prior to the marriage. Husband

argued the real estate and promissory note were transmuted into marital property when they were titled in both parties' names. Husband requested an equal division of the marital property, including the property items in dispute.

In the dissolution judgment, the court set apart the Henry County real estate and the promissory note as Wife's non-marital property. The court divided the marital property by awarding Husband $2,745 in marital assets and Wife $42,261 in marital assets. The court also ordered Wife to pay Husband $20,000 to equalize the marital property division. Husband appeals the property determination.

## APPLICABLE LAW

In the disposition of property during a dissolution proceeding, the court must first set apart each party's non-marital property before dividing the marital property. § 452.330.1.[1] All property acquired by either spouse after the marriage and before the decree of dissolution is presumed to be marital property. § 452.330.3. The presumption of marital property may be overcome by a showing that the property was acquired in exchange for property acquired prior to the marriage. § 452.330.2(2).

■ Property acquired in exchange for non-marital property may subsequently be transmuted into marital property by express or implied agreement of the parties. *Farnsworth v. Farnsworth*, 108 S.W.3d 834, 838 (Mo.App.2003). When a spouse uses non-marital assets to purchase property and then jointly titles the property, there is a presumption that a gift was intended to the other spouse and the property was transmuted into marital property.

*Id.* at 838–39; *Williams v. Williams*, 965 S.W.2d 451, 454–55 (Mo.App.1998). "To rebut this presumption, the spouse claiming that the property should be designated non-marital must introduce clear and convincing evidence that he or she did not intend a gift to the other spouse. The clear and convincing evidence standard refers to evidence that instantly tilts the scales in the affirmative when weighed against the evidence in opposition, and the fact finder's mind is left with an abiding conviction that the evidence is true." *Farnsworth*, 108 S.W.3d at 839 (citations omitted).

■ The judgment in a dissolution case must be affirmed unless it is unsupported by substantial evidence, against the weight of the evidence, or erroneously declares or applies the law. *Jinks v. Jinks*, 120 S.W.3d 301, 304 (Mo.App.2003). The trial court has broad discretion in classifying and in distributing marital property. *Id.* at 305. An appellate court will reverse only if the division of property is so unduly weighted in favor of one party as to constitute an abuse of discretion. *Id.*

## POINT ON APPEAL

■ In his sole point on appeal, Husband contends the court misapplied the law in determining that the Henry County real estate and the promissory note were Wife's separate non-marital property. Husband argues that Wife failed to overcome the presumption that the property items were transmuted into marital property when they were titled in both parties' names. Husband seeks reversal of the judgment and a remand requiring the trial court to include the real estate and promissory note in the division of marital property.

---

**1.** All statutory citations are to the Missouri Revised Statutes 2000, unless otherwise noted.

The record reflects that, prior to the marriage, Wife owned a resort business and property in Wayne County, known as Spring Valley Resort, Inc. (SVR). A few months after the parties married in December 1995, Wife had the resort property re-titled jointly in her and Husband's name for estate and tax planning purposes. Husband and Wife testified that the re-titling was done in an effort to avoid probate and was not intended to transfer a one-half interest in the real estate to Husband. Both parties agreed, at trial, that the resort property remained Wife's non-marital property even after it was jointly titled.

Three years later, in October 2000, the resort property and certain assets of SVR were sold for a total sales price of $350,000. After payment of all loans secured by the resort property, Husband and Wife received a check made payable to them in the amount of $166,334.13 and a promissory note payable to them for the balance of $38,000. The parties deposited the check proceeds into their joint bank account. The first monthly payment on the promissory note was made payable to Husband and Wife, but all subsequent payments were payable to SVR and were deposited into the SVR corporate bank account.

Husband and Wife used the cash proceeds from sale of the resort property to purchase real estate in Henry County for $129,000 in October 2000. The deed to the Henry County property was jointly titled in both parties' names. The parties spent approximately $20,000 to make improvements on the Henry County property, using funds from the SVR bank account. Once the improvements were made, the parties used the Henry County property to operate a flea market antiques business that Husband had previously operated at a different location.

The trial court's judgment declared the Henry County property and the promissory note to be Wife's separate non-marital property based on a "source of funds" analysis. The court determined that the Henry County property and the promissory note were acquired solely from the sale of the resort property, which the parties had agreed was Wife's non-marital property. Although the deed to the newly purchased Henry County property and the promissory note were titled in both parties' names, the court concluded that Husband and Wife did not intend to transmute the sales proceeds to marital property because they never requested or directed such joint titling.

On appeal, Husband correctly points out that the joint titling of the Henry County real estate and the promissory note created a presumption that these assets were transmuted into marital property. *Farnsworth*, 108 S.W.3d at 838–39. Wife, therefore, had the burden of proving by clear and convincing evidence that she did not intend to gift the property items to Husband despite the manner in which they were titled. *Id.* at 839. Husband contends the evidence is insufficient to meet Wife's substantial burden.

Wife contends she met her burden of proof by showing that she never directed the Henry County property and promissory note to be jointly titled and, therefore, it should be inferred that she did not intend to gift the items to Husband. Wife's testimony in this regard must be understood in full context. Wife testified that at the time she sold the resort property and purchased the Henry County real estate, she did not give anyone instructions on how to title the promissory note or deed. However, she saw both documents before closing on the transactions and was aware that she and Husband were shown as joint owners. Wife proceeded with the closings

and gave no indication that she did not intend for Husband to share ownership of the assets.

Even after the closings, Wife's conduct did not clearly indicate any intent to maintain the assets as her separate property. Husband and Wife used the Henry County property to operate a flea market antiques business that Husband previously had at a different location. Although Wife eventually requested that the promissory note payments be made payable to SVR, Wife also allowed Husband access to SVR's corporate bank account where the payments were deposited. Husband wrote checks from the corporate account, and the parties used funds from that account to make improvements on their Henry County property.

In light of the circumstances surrounding the joint titling of the assets and Wife's subsequent conduct, Wife's mere testimony that she gave no instructions on the titling is insufficient to prove her intent. Wife was required to affirmatively present clear and convincing evidence that she did not intend to gift the Henry County property and the promissory note to Husband. By giving no instructions, Wife effectively allowed the joint titling and then did nothing to indicate any intent to maintain the assets as her separate property. This evidence does not "instantly tilt the scales in [Wife's favor] when weighed against the evidence in opposition." *Farnsworth*, 108 S.W.3d at 839. Accordingly, Wife failed to overcome the presumption that the assets were transmuted into marital property by joint titling.

■ The trial court erred in classifying the Henry County real estate and the promissory note as Wife's non-marital property because Wife did not present

clear and convincing evidence to support that determination. The property items should have been classified as marital property and included in the court's division of marital property. "Error in classifying property is not necessarily prejudicial, however, unless it materially affects the merits of the action." *Id.* Reversal is required only if the error caused the division of property to be so unduly weighted in one party's favor as to constitute an abuse of discretion. *Jinks*, 120 S.W.3d at 305.

The trial court valued the total marital estate at $45,006 and divided it equally between the parties. With the inclusion of the Henry County real estate and the promissory note,[2] the total value of the marital property has increased to a minimum of $238,006. Since Wife was awarded both of these properties, she received total marital assets of $215,261 or 90% of the marital estate. The trial court's classification error resulted in Wife receiving a disproportionate share of the marital property, particularly in light of the court's intent to equally divide the marital estate.

The marital property division is so unduly weighted in Wife's favor that it constitutes an abuse of discretion. Accordingly, the judgment is reversed and remanded to the trial court for reconsideration of the property division, consistent with this opinion.

All concur.

**2.** The trial testimony established that the minimum value of the Henry County real estate was $155,000 and the promissory note was for $38,000.