Selta TRAVIS, Respondent,

v.

Jerry TRAVIS, Appellant.

No. WD 64083.

Missouri Court of Appeals,
Western District.

May 24, 2005.

Bradley P. Grill, Kansas City, MO, for Appellant.

John E. Chick, Jr., Kansas City, MO, for Respondent.

Before: LISA WHITE HARDWICK, P.J., ROBERT G. ULRICH and THOMAS H. NEWTON, JJ.

ROBERT G. ULRICH, Judge.

The marriage of Selta May Travis and Jerry Dale Travis was dissolved by judgment on March 16, 2004. Mr. Travis asserts three points on appeal. He claims as point one that the court erred by requiring him to pay an equalization payment to Mrs. Travis in the division of the marital property and in allocating the entire marital debt to him. He claims as his second point that the court erred in not stating the value of a portion of a retirement plan determined to be marital property, in dividing that plan between the parties, and in classifying certain personal property items as both marital and non-marital property. Finally, as his third point, Mr. Travis claims the court erred in requiring him to pay a portion of Mrs. Travis' attorney fees.

The judgment is reversed and the case is remanded for further proceedings.

### Facts

Jerry and Selta Travis were married on April 1, 1995, in Edgerton, Missouri, and their marriage was registered in Platte County. The parties separated on or about March 3, 2003. On March 10, 2003, Mrs. Travis filed her Petition for Dissolution of Marriage. Mr. Travis filed an Answer and Cross–Petition on April 30, 2003.

Trial was conducted on January 26, 2004. Both parties appeared in person and by counsel. The trial court took all issues and evidence presented under advisement and entered judgment on March 16, 2004. The court found that Mrs. Travis was able to support herself through appropriate employment, and neither party was awarded periodic maintenance. The court identified the parties separate property and awarded it respectively and divided and awarded the marital assets in accordance with Chapter 452 RSMo. The court identified the marital debt to be $82,123.53, incurred by the parties through February 28, 2003, and ordered Mr. Travis to pay it. The court found that the portion of Mr. Travis' World Span Retirement fund accumulated from the date of the marriage, all of his 401K account, and all of his Federal Express Pension plan were acquired during the marriage and were marital property. The court ordered that the retirement plans be divided equally between the parties as of the date of the court's judgment. The court found that Mr. Travis had purchased the house used by the parties as their marital residence prior to the marriage and awarded it to him as his non-marital property. The

Court ordered Mr. Travis to pay to Mrs. Travis $25,000 at 9% per annum as a property equalization payment and granted Mrs. Travis a lien on the property to the sum of the equalization. Finally, the court found Mr. Travis capable of contributing to Mrs. Travis' attorney's fees and ordered him to pay to her $5,000 toward her incurred attorney fees. This appeal followed.

## Standard of Review

When reviewing a marital dissolution, the decision of the trial court will be affirmed unless it is not supported by substantial evidence, is against the weight of the evidence, erroneously declares or erroneously applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). The trial court determines the credibility of witnesses, and reviewing authority will view the evidence and permissible inferences in the light that is most favorable to the decree. *Kinder v. Kinder,* 922 S.W.2d 398, 400 (Mo.App.1996); *Mehra v. Mehra,* 819 S.W.2d 351, 353 (Mo. banc 1991). The trial court exercises broad discretion in identifying and dividing marital property. *Pruitt v. Pruitt,* 94 S.W.3d 429, 433–34 (Mo.App. E.D.2003). Appellate authority will reverse the division of marital property if the division is so unduly weighted in favor of one party that it constitutes an abuse of discretion. *Rawlings v. Rawlings,* 36 S.W.3d 795, 797 (Mo.App. W.D. 2001). Division of marital property need not be equal, but it must be fair and equitable considering the circumstances of the case. *Id.* at 798. Section 452.330, RSMo 2000 governs the disposition of marital property in a dissolution proceeding.

## Points on Appeal

Mr. Travis asserts several claims of error in three points. His first point pertains to the trial court's allocation of property and debt. He contends that in dividing the marital property, the trial court improperly ordered him to pay $25,000 as an equalization payment to his former wife. Mr. Travis alleges that the trial court further erred by allocating to him the entirety of the marital debt, totaling $82,123.53. In his second point, Mr. Travis argues that the judgment is faulty because it failed to designate a value of a portion of one of his retirement plans, yet divides it between the parties as marital property, and it errantly classifies certain personal items awarded to the parties as both marital and non-marital. In his third and final point, Mr. Travis claims that the trial court improperly ordered him to pay $5,000 to Mrs. Travis for her legal fees.

## Discussion

In determining the appropriate division of marital property, the trial court must consider all relevant factors. § 452.330.1, RSMo 2000. Five factors stated in the statute are:

(1) The economic circumstances of each spouse at the time the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children;

(2) The contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker;

(3) The value of the non-marital property set apart to each spouse;

(4) The conduct of the parties during the marriage; and

(5) Custodial arrangements for minor children.

*Id.* As a general proposition, the court's division of marital property should be substantially equal unless one of the statutory

factors renders such a division unjust. *Riddell v. Riddell,* 145 S.W.3d 495, 497 (Mo.App. W.D.2004). Marital debts should be similarly divided. *Id.* A trial court's duty in a dissolution proceeding includes dividing "the marital property and marital debts in such proportions as the court deems just." 452.330.1 RSMo. Division of the marital property need not be equal, "but [division of the marital assets] must be fair and equitable given the circumstances of the case." *Jarvis v. Jarvis,* 131 S.W.3d 894, 899 (Mo.App. W.D.2004). An appellate court's review presumes that the trial court's property division is correct, and the party challenging the division bears the burden of overcoming the presumption. *Id.* (citing *Conrad v. Conrad,* 76 S.W.3d 305, 314 (Mo.App.2002)).

■■■ Neither Mr. Travis nor Mrs. Travis requested that the trial court make findings of fact and conclusions of law. When neither party requests findings of fact and conclusions of law in accordance with Rule 73.01(c), fact issues upon which no specific findings are made are considered as having been found in accordance with the result reached. Rule 73.01(c); *Childers v. Childers,* 26 S.W.3d 851, 856 (Mo.App. W.D.2000). Although a court is ordinarily not required to assign property values, meaningful review of the division of marital property requires evidence from which a fair and accurate valuation can be made. *Waldon v. Waldon,* 114 S.W.3d 428, 431 (Mo.App.2003). Insufficient evidence of valuation constitutes grounds to remand the case with instructions for the trial court to take additional evidence and to make supported findings. *See e.g. Endebrock v. Endebrock,* 916 S.W.2d 456, 459 (Mo.App. E.D.1996).

Analysis of the trial court's judgment reveals insufficient evidence for this court to properly determine the equity of the underlying award. Consequently, the judgment is reversed for reconsideration in accordance with the remainder of this opinion.

## Equalization Payment

■■■ Mr. Travis asserts as his first point that the trial court improperly ordered him to pay $25,000 to his former wife as an equalization payment as a part of the division of the marital property and allocated to him the entirety of the marital debt, totaling approximately $82,123.53. He claims that the debt was incurred to pay the parties' marital expenses and to purchase property in which Mrs. Travis acquired an interest. He asserts that Mrs. Travis is gainfully employed and capable of paying some of the debt.

Testimony regarding the value of property was virtually non-existent. The court determined the value of the marital and non-marital personal and real property items in accordance with various exhibits filed with the court, and the judgment awarded the parties the numerous items of marital and non-marital property referenced. The court declared the marital home, acquired by Mr. Travis prior to the marriage, to be non-marital property owned by Mr. Travis and awarded it to him. Although a value for each of the items of listed property is included in exhibits, the value of the items was totaled in neither the exhibits the court relied on nor the judgment, and, thus, none is provided on appeal. The personal property listed and categorized within the several exhibits is extensive, comprehensive, and diverse and includes such items as clothing, "jewelry and personal effects," dishes, various furniture, motor vehicles, pots and pans, etc. Comparative values of the property awarded to each party were not provided at trial, and Mr. Travis does not complain about the actual distribution of the personal property. Review of the personal prop-

erty items does not suggest significant variance in value between the items awarded to each party, and Mr. Travis does not assert a difference. Although the value of the distributed personal property as marital property might normally be a factor in determining whether the equalization payment is legally supportable, other evidence supports the court's equalization award.

Mr. Travis' complains that the portion of the judgment requiring him to pay the $25,000 equalization payment and the total existing marital debt are unjust and unsupported by the evidence. Significant in deciding to make the equalization award was the court's apparent determination from the evidence that Mr. Travis secreted marital income in Bank of America accounts opened in Sedgwick, Kansas, while he was employed as a railroad employee. The bank records presented are of a checking and a savings account, both held by Mr. Travis in his name only. The 29-page record of the accounts shows that several thousand dollars were deposited into the accounts and several thousand dollars were withdrawn between March 19, 2003, and December 31, 2003. The records reflect monthly activity, and they show a maximum balance for the accounts at the conclusion of one month of over $12,000. Over $40,000 was deposited and withdrawn from the account during the accounting period. Mr. Travis did not testify how the funds were spent, and a summation of the activity of the accounts, including the amounts deposited and withdrawn, was not otherwise presented at trial to further explain the accounts.

Other evidence also supports the equalization award. During the course of the marriage, Mrs. Travis liquidated two non-marital 401(k) plans totaling about $11,000 and spent the money to improve the marital home, awarded to Mr. Travis as his non-marital property. Fourteen thousand dollars of the fifty thousand dollar loan obtained during the marriage from the Bank of Weston and controlled by Mr. Travis was used to purchase a vehicle to replace Mrs. Travis' vehicle, owned by Mrs. Travis prior to the marriage that Mr. Travis damaged after the parties were married. Mr. Travis titled the replacement vehicle in his name only. Eleven thousand dollars of the loan is unaccountable by Mr. Travis. The unaccounted for funds controlled by Mr. Travis, reimbursement for Mrs. Travis' non-marital vehicle, the replacement vehicle titled in Mr. Travis' name by him, and Mrs. Travis' separate retirement funds contributed to maintain or improve the marital home, awarded to Mr. Travis as his non-marital property, justify the courts equalization award.

### Allocation of Debt

■■ Mr. Travis also complains of the portion of the court's judgment that compels Mr. Travis to pay all the marital debt of the parties through February 28, 2003. The judgment articulates that the marital debt consists of debt owed by the parties to: Bank of Weston $15, 972, Community America Credit Union $15,000.00, Community America Credit Union $10,555.16, MBNA Quantum MasterCard $38,413.32, Sprint PCS $110.00, Sam's Club $17.95, Sprint Home Phone $55.10, Capital One accounts totaling $3,000, and "Dick's" account totaling $1,000. The total debt articulated is $84,123.53.

■■■ Marital debt is debt acquired subsequent to commencement of the marriage unless an exception applies. *Rawlings,* 36 S.W.3d at 798. Debt acquired in contemplation of marriage may also qualify as marital debt. *Cross v. Cross,* 30 S.W.3d 233, 236 (Mo.App. E.D.2000). The trial court is vested with broad discretion in dividing marital debt, and appellate authority will not disturb its division absent a

clear showing of abuse of discretion. *Rawlings,* 36 S.W.3d at 798. An abuse of discretion occurs when a trial court's ruling is "clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock one's sense of justice and indicates a lack of careful consideration. There is no abuse of discretion if reasonable persons could differ about the propriety of the trial court's decision." *Cross,* 30 S.W.3d at 236. One spouse may be assigned the primary duty to pay off the debt and hold the other spouse harmless for the debt. *Rawlings,* 36 S.W.3d at 798. "The fact that one spouse did not control or actively participate in the decision to incur a debt does not preclude its allocation to that spouse where it is determined to be marital debt." *Id.* (quoting *Wright v. Wright,* 1 S.W.3d 52, 60 (Mo. App.1999)). Appellate authority defers to the trial court's division of marital debts even if the evidence could support a different conclusion. *Abbott v. Perez,* 140 S.W.3d 283, 295 (Mo.App. E.D.2004).

Why the trial court allocated the $82,123.53 debt is unclear. The only evidence that can support the court's allocation of debt is the same evidence that supports the court's equalization award. Although the $25,000 equalization award may not totally compensate Mrs. Travis for the $33,000 hidden or squandered by Mr. Travis, the marital debt totals $83,123.53, far in excess of the $8,000 difference between the equalization award and the total amount of approximately $33,000 hidden or squandered. Just as no findings were made regarding the statutory factors in the property division, none were made regarding the division of the marital debt. Neither was an explanation provided for directing Mr. Travis to pay the substantial debt of approximately $75,000 ($83.123.53 minus the $8,000 difference between the equalization award and the amount secreted or squandered by Mr.

Travis). The record does not disclose justification for allocating the entire marital debt to Husband. Without such a justification, this court is unable to determine the equity of the award.

## Items designated both non-marital and marital; personal property awarded to both Husband and Wife

The judgment awards some items of personal property to both parties and provides that some property is both marital and non-marital. Several items of personal property, including an ice box, a microwave, a "bunk bed frame and mattress," and a "green plaid divan and chair" were all designated as marital property, but the judgment awards the items to both parties. Mrs. Travis was awarded the "wine" in the judgment, but each party was allocated half of the wine collection in a later portion of the judgment. A 2000 Chevy truck, purchased during the marriage and titled to both parties, is designated Mr. Travis' non-marital property. The judgment classifies other specific items of personal property as both non-marital and marital.

 The deficiencies of the judgment preclude meaningful review of the court's property division. Appellate review court cannot definitely rule "on issues that are subject to ambiguities and inconsistencies in the trial court's judgment." *Baldwin,* 109 S.W.3d at 249.

### Qualified Domestic Relations Order

 In his second point on appeal, along with noting deficiencies in the judgment discussed above, Mr. Travis alleges that the trial court erred by failing to designate a value for his Worldspan retirement account. The court's judgment reads in relevant part:

d) The court finds that the portion of the Respondent's World Span Retire-

ment is marital, that being the portion acquired from the date of marriage the Petitioner Respondent and that all the Respondent's Federal Express 401K plan and Federal Express Pension plan are marital. The marital portion of Respondent's World Span Retirement and the entire Federal Express 401K plan and Federal Express Pension plan shall be divided between the parties on an equal basis as the date of the Decree, by virtue of Qualified Domestic Relation Orders and the Court obtain jurisdiction for purposes of implementing said Qualified Domestic Relation Orders.

Mr. Travis alleges that this portion of the judgment fails to include a finding of the value of the Worldspan account, which is necessary to implement the order. The judgment indicates that the marital portion of the Worldspan pension, a 401(k) account, is to be divided equally among the parties. While no specific finding was made of the present value of the account, evidence does exist in the record from which this could be determined. While this lack of valuation may impact the trial court's ability to assess the total fairness of the property award, it is not error to allocate such deferred compensation in terms of a percentage relationship. *See Redlinger v. Redlinger*, 111 S.W.3d 413 (Mo.App. E.D.2003). Because the judgment is being remanded for further consideration, the trial court should be permitted to consider the value of retirement account and to award its values, as it deems appropriate when attempting to equitably divide the property in its entirety.

### Legal Fees

In his third and final point, Mr. Travis contends that the trial court abused its discretion in ordering him to pay $5,000 to Mrs. Travis as a portion of his legal fees. The trial court is an expert regarding legal fees. *Mitchell v. Mitchell,*

711 S.W.2d 572, 580 (Mo.App. E.D.1986). A reviewing court reverses an award of legal fees only if the trial court has abused its discretion in awarding them. *Engeman v. Engeman,* 123 S.W.3d 227, 240 (Mo.App. W.D.2003). Mr. Travis contends that in light of the overarching inequity of the trial court's judgment, the legal fees are unreasonable enough to constitute an abuse of this discretion. Due to the inability to judge the equity of the judgment itself, this court is unable to discern whether the court's award abused its discretion. Whether the award of attorney fees constitutes an abuse of the trial court's discretion is not determined. Because the judgment is reversed and the case remanded, the portion of the judgment awarding $5,000 as attorney fees to Mrs. Travis is also reversed. Upon reconsideration of the judgment, the trial court should once again exercise its considerable discretion and again assess legal fees as the court deems appropriate and as provided by law.

The judgment is reversed, and the case is remanded for entry of a new judgment consistent with this opinion.

HARDWICK, P.J. and NEWTON, J. concur.