**Sara Sue HOECKER, Respondent,**

v.

**Wayne Howard HOECKER, Appellant.**

**No. WD 64953.**

Missouri Court of Appeals,
Western District.

April 18, 2006.

Dennis J.C. Owens, Esq., Jeremiah Kidwell, Esq., Co-Counsel, Kansas City, MO, for Appellant.

Bradley P. Grill, Esq., Kansas City, MO, for Respondent.

Before LOWENSTEIN, P.J., ELLIS and NEWTON, JJ.

HAROLD L. LOWENSTEIN, Judge.

This is an appeal from a dissolution of marriage. Wayne Hoecker (Husband) and Sara Hoecker (Wife) were married on June 14, 1969. Wife filed a Petition for Dissolution of Marriage on March 2, 2004. The couple has two adult daughters. Husband was a lawyer at a large Kansas City law firm, but at the time of trial, was in the process of retiring. Wife worked in retail sales. The trial court dissolved the marriage and divided the marital property on November 18, 2004. On appeal Husband contends the trial court erred when it proceeded to trial when Husband was not represented by an attorney and also with respect to the division of property. Because the trial court did not find values for certain property and because such values were not found in the record, this court is precluded from meaningfully reviewing the trial court's division of property. We, therefore, reverse the portion of the judgment dividing marital property where there is no evidence of values in the record as discussed in part three and remand with instructions stated in this opinion. The remainder of the judgment is affirmed.

## A. CONTINUANCE

Husband claims the trial court erred when it denied his motion for a continuance when an attorney refused to enter an appearance on the day of trial. Although this argument was presented in Husband's third point relied on, because of Husband's appellate counsel's emphasis on this point during oral argument, this court begins with this issue. If this point is granted then Husband would be entitled to a new trial. *See Wegeng v. Flowers,* 753 S.W.2d 306, 310 (Mo.App.1988). The grant or denial of an application for continuance rests within the sound discretion of the trial court. *Scott v. Scott,* 147 S.W.3d 887, 897 (Mo.App.2004). "The denial of a continuance rarely constitutes reversible error, although the trial court does not have absolute or arbitrary discretion." *Portwood-Hurt v. Hurt,* 988 S.W.2d 613, 617 (Mo.App.1999). The decision of the trial court will not be reversed unless the trial court abused its discretion. *Id.* This court will only find an abuse of discretion in denying a motion for a continuance when it is demonstrated that the moving party "is free of any dereliction." *Id.* Reviewing the trial court's exercise of discretion requires the consideration of the circumstances of each case. *Id.*

The trial was originally set for August 19, 2004, but was set aside for October 28, 2004, because Husband did not appear. On October 28, the day of trial, a lawyer accompanying Husband informed the trial court that he would not be representing Husband and recommended that Husband not represent himself. After a discussion on the record with the judge, Husband chose to represent himself. Wife was represented by counsel. Husband's participation at trial was minimal. This court concludes that the trial court did not abuse its discretion when it proceeded to trial.

First, the trial had already once been rescheduled from August 19 to October 28, 2004, as Husband failed to appear. Second, the docket sheet indicates that no attorney ever entered an appearance on Husband's behalf. In fact, Husband himself signed and filed his answer. Therefore, the implication that Husband was somehow abandoned at trial is misplaced. To follow up on the fact that Husband was never represented by an attorney, a careful reading of the record indicates that Husband himself never requested a continuance.[1] After the attorney explained that he would not be representing Husband, the trial court asked Husband if he was ready to proceed. Husband answered "yes" and that he was not going to hire an attorney. Husband is an attorney who had been in the practice of law for over thirty years. If a lay person appearing *pro se* is held to the same standard as an attorney, *Portwood–Hurt,* 988 S.W.2d at 621, then certainly a licensed attorney who does not practice in a certain area of law, such as family law, is held to the same standard as an attorney who does. In light of these facts, the trial court did not abuse its discretion when it proceeded to trial. Point denied.

### B. VALUATION AND CLASSIFICATION OF PROPERTY

■ When reviewing a marital dissolution, the trial court's judgment will be affirmed unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976); *Travis v. Travis,* 163 S.W.3d 43, 46 (Mo.App.2005). The trial court has broad discretion in identifying and dividing marital property.

*Travis,* 163 S.W.3d at 46. Husband challenges several of the trial court's findings as not supported by substantial evidence. This court takes up and, with the exception of part 3, denies each of the following.

### 1. CLASSIFICATION OF CONDOMINIUM

■ Husband contends the trial court erred when it classified the condominium in Colorado as marital property. Husband claims that it should have been classified as non-marital property because it was purchased with funds derived from the sale of property inherited by him.

■ The trial court has broad discretion in classifying property. *Jinks v. Jinks,* 120 S.W.3d 301, 305 (Mo.App.2003). Under the theory of transmutation, non-marital property may be transmuted into marital property by gift or by express or implied agreement. *Selby v. Selby,* 149 S.W.3d 472, 484 (Mo.App.2004). When a spouse places his non-marital property into the names of both spouses, then a rebuttable presumption arises that the property has been transmuted into marital property. *Id.* To rebut this presumption, the spouse must introduce clear and convincing evidence that he did not intend a gift to his spouse. *Id.* The clear and convincing evidence standard refers to evidence that "instantly tilts the scales in the affirmative when weighed against the evidence in opposition, and the fact finder's mind is left with an abiding conviction that the evidence is true." *McCoy v. McCoy,* 159 S.W.3d 473, 475 (Mo.App.2005).

The condo was purchased during the couple's marriage. On cross-examination, Wife testified that the condo was bought with the proceeds of Husband's inheritance from his family's farm. Therefore, the

---

1. The lawyer, who appeared the day of trial, but declined to represent Husband, requested the continuance.

condo originated as Husband's non-marital property. *See* § 452.330.2(1), RSMo. No evidence was presented as to how the condo was titled immediately after its purchase. However, on November 20, 2000, both Husband and Wife executed a Quit Claim Deed to the Sara S. Hoecker Revocable Trust as grantee, releasing any claim he and she may have had. Thereafter, the condo was held by the Sara S. Hoecker Revocable Trust, which the trial court classified as marital property.[2] Wife was the grantor of and acted as the trustee for the Sara S. Hoecker Revocable Trust. The trust provided that Wife, as trustee, "shall distribute to or for the benefit of the Grantor [Wife] as much of the [trust's] net income and principal ... as the Grantor may from time to time direct in writing, and such additional amounts of net income or principal as the Trustee may from time to time determine." This court deems the transfer of the condo into the Sara S. Hoecker Revocable Trust, which designated Wife as grantor and trustee, as "evidence of an intent to contribute the property to the community." *Cuda v. Cuda*, 906 S.W.2d 757, 759 (Mo.App.1995). Therefore, the presumption arose that the condo was transmuted into marital property. Husband must have introduced clear and convincing evidence to rebut the presumption.

Aside from asking Wife of the source of funds of the condo, Husband did not present any evidence of nor did he testify that he possessed no intention to gift the condo to Wife. Therefore, Husband failed to introduce clear and convincing evidence to overcome the presumption. The trial court's finding that the condo was marital is supported by sufficient evidence.[3]

## 2. VALUE OF MARITAL HOME

Husband challenges the trial court's valuation of the marital home in Kansas City. The trial court found the home's value to be $200,000. Wife testified that the value of the home was $190,000. Husband testified the home's value was $300,000. An owner of property is competent to testify in a dissolution proceeding as to its value. *Wofford v. Wofford*, 991 S.W.2d 194, 200 (Mo.App. 1999). The trial court was free to accept or reject Wife's or Husband's testimony regarding the present value of the home. *Id.* The trial court apparently accepted Wife's valuation and this court will give due regard to the trial court's determination of credibility. Rule 84.13(d)(2). The trial court's finding was supported by sufficient evidence.

## 3. VALUATION

Husband argues the trial court erred when it failed to assign values to certain assets. Without these values, Husband contends, this court is prevented from meaningfully reviewing the trial court's division of marital property. Wife argues that the record provides "ample evidence" of the value of these assets.

At trial, Wife proposed a division of property which the trial court virtually adopted in its judgment. Husband proposed nothing and introduced no evidence. Essentially, the property consisted of three bank accounts, a 2003 Jeep Chero-

**2.** Husband does not contest the classification of this trust as marital.

**3.** In any event, Husband needs to be careful what he asks for. While the trial court found the condo to be marital property, it nevertheless awarded it in its entirety to Husband.

So, by asking this court to find error for a marital classification, Husband is risking that the marital property be re-divided against his favor. The trial court is required to consider separate property when dividing marital property. § 452.330.1(3).

kee, a 1999 Buick Regal, the marital home in Platte County, a condominium in Colorado, a Bank of America brokerage account, two revocable trusts in the names of the parties, a Schwab IRA account, a Vanguard IRA account, household goods, life insurance policies in the names of the parties, and Husband's pension. All property was categorized by the trial court as marital except that within the Wayne Hoecker Revocable Trust set aside to Husband and also certain household goods set aside to Wife as non-marital property.

 Section 452.330 governs the disposition of property in dissolution of marriage actions. A trial court must make specific designation of whether assets are non-marital or marital property in its division of marital property. § 452.330, RSMo 2000. A trial court, however, is not required to determine specific values of items of marital property unless a party requests such findings, or unless the record contains insufficient evidence to enable the court to make a just division. *Hernandez v. Hernandez*, 872 S.W.2d 161, 166 (Mo.App.1994). Neither party in this case requested findings of fact and conclusions of law. Without any evidence of the value of a large amount of the marital property, there can be no meaningful appellate review to determine if, in fact, the division of property was fair and equitable. *Svejda v. Svejda*, 156 S.W.3d 837, 840 (Mo.App. 2005). A careful examination of the record obligates this court to conclude that the evidence was insufficient to allow the court to make a just division. "Insufficient evidence of valuation constitutes grounds to remand the case with instructions for the trial court to take additional evidence and to make supported findings." *Travis*, 163 S.W.3d at 47.

The trial court awarded Wife and assigned values to the following items: two bank accounts totaling $18,786, the Platte County home worth $200,000, the life insurance policy with a death benefit worth $10,000, and household goods worth $12,865. Wife's non-marital property consisted of some household furniture worth $1,800. The trial court awarded Husband one bank account totaling $9,000, the Colorado condominium worth $300,000, the life insurance policy with a death benefit worth between $125,000 to $150,000, and household goods worth $16,575. Husband's non-marital property consisted of the Wayne Hoecker Revocable Trust assets, which the trial court did not value.

The trial court divided the following items without assigning values: the Bank of America brokerage account, the Sara S. Hoecker Revocable Trust Assets, the Schwab IRA account, and the Vanguard IRA account. These assets were divided by shares of stock, rather than a percentage or an amount. The trial court awarded each party one-half of Husband's pension. Finally, Husband received the 1999 Buick Regal and Wife received the 2003 Jeep Cherokee. Neither of the cars was given a value by the trial court.

The evidence in this case consisted of the following: Husband and Wife each testified to different values of the bank accounts, the Kansas City home, and the condo in Colorado. Wife introduced a worksheet cataloguing household and personal goods and their respective values. Husband testified to the value of the two life insurance policies. The trial court made findings as to the value of these assets within the range of values testified to by Husband and by Wife. Wife further introduced account balances of the Schwab IRA account, Vanguard IRA account, the Wayne Hoecker Revocable Trust, and the Sara Hoecker Revocable Trust, for which

the trial court did not make findings.[4]

No evidence of values was found in the record for the Jeep, the Buick, the Bank of America brokerage account, and the pension. Wife testified that the purchase price of the Jeep was $32,000, but did not state its current value. She testified that she did not know the value of the Buick. When Husband testified, Wife's counsel asked him if his Buick was worth $4,000. Husband replied that he "ha[d] no idea." Wife introduced an exhibit, which listed the proposed allocation of funds for the Bank of America brokerage account. As of June 30, 2004,[5] the account held cash in the amount of $44,527.00. In addition, the account held over 6,000 shares of stock. The record indicates no total value for these stocks. Regarding the pension, Wife testified that Husband would receive a "separation pay" from his employer in the amount of $2,600 per month until November 2004. However, the record indicates the separation pay is distinct from Husband's pension. Neither Wife nor Husband testified to any value of the pension, and neither party introduced independent evidence as to its value.

▮ The trial court divided the investment property by allocating shares to Husband and to Wife without indicating any values of the stock or allocation percentages. For instance, the trial court allocated 7,245 shares to Husband and 9,936

shares to Wife of various kinds of stock held in the Sara S. Hoecker Revocable Trust. The evidence indicated that the total account balance of the Sara Hoecker Revocable Trust totaled $238,686.78, but there was no evidence in the record to find the total amount of each allocation. Similar allocations were made for the Bank of America brokerage account, the Schwab IRA account, and the Vanguard IRA account. The lack of such evidence thwarts appellate review of the justness of the trial court's property division. *Barron v. Barron*, 749 S.W.2d 16, 17 (Mo.App.1988). Therefore, the judgment is reversed and remanded for the court to hear evidence concerning the value of the Jeep, the Buick, the Bank of America brokerage account and the pension and the allocation amounts of the Sara S. Hoecker Revocable Trust, the Schwab IRA and Vanguard IRA accounts. *See id.*

## C. Division of Property

Finally, Husband argues the division of property was not substantially equitable because he received only 42% of the marital investment property. As discussed, this court is unable to review the division of marital property, and particularly the investment property, because there was no evidence of such property in the record, as discussed *supra* in this opinion.[6]

---

4. The values of these assets were stated as follows:

 · Schwab IRA account: $1,045,505.82
 · Vanguard IRA: $174,128
 · Wayne Hoecker Revocable Trust: $221,868.04
 · Sara Hoecker Revocable Trust: $238,686.78

5. This court also notes that the date of valuation of some of the accounts (listed on the exhibits) was June 30, 2004. The trial took place on October 28, 2004, nearly four months after valuation. As a general rule, the

proper date of valuation of marital property is the date of trial. *Jarvis*, 131 S.W.3d at 899.

6. This court notes, however, that the trial court set aside to Husband $221,868.04 as his separate property (Wayne Hoecker Revocable Trust). While the trial court did not make a finding as to its value, evidence of its value was introduced at trial. Under Rule 73.01(c), "[a]ll fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached so this court finds that the trial court considered Husband's large amount of nonmarital property, which it is required to do

## CONCLUSION

Therefore, this judgment is affirmed insofar as it orders dissolution of the marriage, but is reversed and remanded for the trial court to hear evidence of the values of the Jeep, the Buick, the Bank of America brokerage account, and the pension, and the allocation amounts of the Sara S. Hoecker Revocable Trust, the Schwab IRA, and Vanguard IRA accounts and then to examine and order a just distribution of the marital assets, if necessary.

All concur.

under section 452.330.1(3), when it awarded Husband 42% of the marital investment property."